# CHARLESTON.

### RUCKER *v.* CITY OF HUNTINGTON.

Submitted February 2, 1909.    Decided November 2, 1909.

1.  MUNICIPAL CORPORATIONS—*Injury to Driver in Streets—Mode of Use of Street.*
    An injury to the driver of a reasonably safe and gentle horse on a public highway, caused by contact of the vehicle in which he is riding with an obstruction on the street or road, on a sudden dodging, swerving or shying of the horse, in temporary fright, is actionable. (p. 105).

2.  SAME—*Injury to Driver in Streets—Contributory Negligence.*
    Such conduct on the part of a horse is usual and ordinary and raises no presumption of negligence on the part of the driver. (p. 105).

3.  SAME—*Injury to Driver in Streets—Proximate Cause.*
    As there is, in such case, no assumption of risk on the part of the driver, since the act of driving over or against the obstruction is involuntary, and he is not in any sense negligent or at fault, the obstruction is legally the sole and proximate cause of the injury. (p. 106).

Error to Circuit Court, Cabell County.

Action by J. W. Rucker against the City of Huntington. Judgment for defendant, and plaintiff brings error.

*Reversed and Remanded.*

*Isbell & Perry,* for plaintiff in error.

*Simms, Enslow, Fitzpatrick & Baker,* for defendant in error.

POFFENBARGER, JUDGE:

In the circuit court of Cabell county, the declaration of J. W. Rucker, against the City of Huntington, in an action of trespass on the case, for the recovery of damages for a personal in-

jury, caused by the fright and shying of the plaintiff's horse, was held insufficient on demurrer and dismissed, and, to the judgment of dismissal, he obtained a writ of error.

The facts, set forth in the declaration, are substantially as follows: While traveling along Fourth Avenue in a buggy, plaintiff's horse took fright at a street car and suddenly swerved and shied out of its course. At this point, there lay upon the street a stone about two feet thick, five feet long and two feet wide, and over it one of the wheels of the buggy ran, with the result that the plaintiff was thrown out of his buggy and injured. The horse was safe and carefully driven, and the loss of control over him was only momentary.

The legal principles applicable in cases of this kind are illustrated by two decisions of this Court. *Rohrbough* v. *County Court*, 39 W. Va. 472, and *Hungerman* v. *City of Wheeling*, 46 W. Va. 761. In the former, recovery was allowed, and, in the latter, refused. The distinction marked between the two cases was this: In the former, the occurrence was sudden and the injury practically simultaneous with the fright of the horse, while, in the latter, there was ample time, between the fright of the horse and the injury, for the driver to have regained control of the animal. Stated somewhat differently, sudden swerving out of course or shying is one of the ordinary incidents of the driving of a reasonably safe and gentle horse, and, if it results in injury to the driver, by bringing the vehicle in contact with an obstruction, such as a stone, or throwing it over an embankment, not guarded by a railing, the city or county is liable. Under such circumstances, there is no contributory negligence, nor assumption of risk, for the driver is guilty of no voluntary act which contributed to the injury. If, however, the horse is vicious and unmanageable, the driver contributes to his injury by driving such a horse upon a highway, since he is liable to be injured whether the road is defective or not, and, if there be a defect, and the horse while wild and uncontrolled, carries the vehicle against an obstruction or over an embankment, the driver is at fault. If the the horse is running away at the time of the injury and sufficient time has elapsed between the fright and the injury for the driver to have regained control of it, he is barred from recovery, either by the viciousness of the horse or his own inability or lack of dil-

igence in respect to the regaining of control. On the contrary, if there is a mere momentary loss of control, or unsteadiness and inconstancy under control, just a dodge or swerve to one side, resulting in injury only because of the defect in the street, the driver is in no way at fault. The conduct of the horse accords with common experience in the driving of reasonably gentle and safe horses. The law, therefore, contemplates such occurrences and imputes no negligence to the driver on account thereof. He is not guilty of driving a vicious horse, nor of driving a good horse negligently, nor of voluntarily encountering known danger or assuming a risk. On a reasonably safe road, one free from obstruction, this could happen repeatedly without injury, but, if it occurs at a point obstructed by a stone, stump, log or other object, or endangered by a precipice, and the vehicle is upset by contact with the obstruction or goes over the embankment, in consequence of which the driver is injured, the sole and proximate cause of the injury, in the legal sense of the terms, is the defect in the highway. Many cases illustrating the application of these principles are cited in Thomp. Com. on Neg., sections 6061, 6089-90. The evidence may develop facts, precluding recovery, but they do not appear on the face of the declaration, and the demurrer should have been overruled.

The error of the court in sustaining the demurrer is clearly apparent, and the judgment must be reversed and the cause remanded for further proceedings.

*Reversed and Remanded.*