# CHARLESTON.

## JOHNSON v. CITY OF HUNTINGTON.

### Submitted April 30, 1918.   Decided May 7, 1918.

1. MUNICIPAL CORPORATIONS—*Streets—Obstructions—Warning.*

    It is the imperative duty of a city to maintain its streets and sidewalks in a reasonably safe condition for travel, but in case of necessity it has the right to permit a temporary obstruction thereof without incurring liability, provided it warns the public of the danger of maintaining proper barriers or signals.   (p. 459).

2. SAME—*Temporary Covering Over Sidewalk—Duty of City.*

    A city may lawfully permit a builder to erect a temporary covering over one of its sidewalks, alongside of a building in the process of erection, in order to avoid closing the sidewalk and to protect pedestrians from injury from falling materials, such as are liable to be thrown or dropped by the workmen on the building, but the city's duty requires it to see that such covering is carefully constructed of material of sufficient strength to answer the purpose for which it is designed.   (p. 459).

3.  SAME—*Injury from Sidewalk—Sufficiency of Declaration.*

   A declaration in an action against a city for personal injury, alleging that the injury was caused by a piece of timber falling from a building being erected along one of its streets and breaking through the roof of a temporary covering over the sidewalk and striking him, or was caused by such timber falling out of such covering upon him, which the city had negligently permitted to be erected in an unskillful manner and with defective material, sufficiently avers actionable negligence on the part of the city and is good on demurrer.   (p. 461).

Certified Questions from Circuit Court, Cabell County.

Suit by Anna Johnson against the City of Huntington. Demurrer to amended declaration overruled, and sufficiency of pleading certified.

*Judgment affirmed, and cause remanded.*

*Marcum & Shepherd* and *J. W. Perry,* for plaintiff.

*F. M. Livezey,* for defendant.

WILLIAMS, JUDGE:

Plaintiff sued the City of Huntington to recover damages for a personal injury caused by being struck by a piece of timber falling from a building that was being erected on the property line on one of the public streets and breaking through a temporary covering, erected over the sidewalk for the protection of pedestrians, or by such timber falling out of said covering itself upon her.

A demurrer to the original declaration was overruled and the question of the sufficiency of the pleading was certified to this court for its opinion, and we then held that the declaration failed to aver negligence on the part of the city, and remanded with leave to plaintiff to amend. *Johnson* v. *City of Huntington,* 80 W. Va. 178, 92 S. E. 344. Plaintiff amended her declaration and the defendant again demurred to the amended declaration, and the court overruled the demurrer, and has certified to this court the question of the sufficiency of the amended declaration.

The law relating to the duties and liabilities of the city in the premises is so elaborately discussed in the former opinion that little needs now to be said. The former decision, in effect,

is that the right of the public to the unobstructed use of the streets is subject to reasonable and necessary restrictions and limitations, and that, where the necessity therefor exists, as in case of the erection of a building upon a lot abutting on a street, the city has the right and power to grant to the builder permission to obstruct the street or sidewalk temporarily, without thereby necessarily rendering itself liable; that the grant of such permission is not in itself unlawful, provided however, the city takes proper precaution to warn those lawfully using the street of the danger, or protects them therefrom. This obligation upon the city to warn or protect is imperative, and applies as well to dangers overhead as to those on the surface of the street. 4 Dillon on Munic. Corp. (5th ed.) Sec. 1705. It is common practice, when buildings are to be erected along the line of a street, for the municipal authorities to grant the builder permission to erect a temporary covering over the sidewalk, in order that pedestrians may use the sidewalk without being endangered by falling materials, while the building is in process of construction which often requires many months, and the grant of such license is not *per se* an unlawful exercise of municipal authority. But it is the imperative duty of the city to see that such covering or overhead shelter is securely built so as not to fall of its own weight, and to see that it is constructed of material of sufficient strength to arrest the fall of such pieces of timber, boards, bricks and other material, as might reasonably be expected will be thrown or allowed to fall upon it by the workmen on the building. Such temporary covering is generally not intended as a warning against danger, but rather as an assurance to the public that the sidewalk may be used with safety, and the city is bound to know that such structure is erected with such material and in such manner as to answer the purpose for which it was intended, and it is liable for injury to one lawfully using the sidewalk, caused by the neglect of its duty in respect thereof. Sec. 154, Ch. 43, Barnes' Code (1918); and 4 Dillon on Munic. Corp., Sec. 1705. A street or sidewalk is out of repair, within the meaning of the statute cited, whenever it becomes unsafe for reasonable use in the ordinary modes of

travel, whether the danger exists over head or on the surface. *Drake* v. *City of Lowell*, 13 Metc. 292; *Day* v. *Inhabitants of Millford*, 5 Allen 98; *Norristown* v. *Moyer*, 67 Pa. St. 356; *Bohen* v. *City of Waseca*, 32 Minn. 176; and *Hume* v. *Mayor*, 74 N. Y. 264.

The declaration consists of two counts, in the first of which, after averring defendant's duty in regard to keeping its streets and sidewalks in a reasonably safe condition for travel, plaintiff in effect avers, that the defendant attempted to perform its duty in this respect, and permitted and caused to be erected a scaffold or shed over the sidewalk of one of its public streets alongside of a building then being erected, for the purpose of protecting persons lawfully using the sidewalk "from the falling of planks, beams, timbers and other building materials into and upon the said sidewalk;" that it negligently and carelessly permitted certain timbers and boards composing said scaffold or shed to project and hang over the sidewalk, which rendered it unsafe and wholly inadequate to protect persons thereon; that a "certain large beam, plank, or piece of timber * * * * fell, or was thrown from said building upon the roof of said scaffold," and, by reason of its unskillful and unsafe construction, the said "beam, plank or timber, broke through said roof," and fell a distance of twelve to twenty feet upon plaintiff and knocked her to the pavement, causing her a severe shock and great injuries.

The second count is similar to the first, except that the negligence there averred is, that the city permitted the covering to be erected of "such weak, rotten and inadequate materials as to be unsafe in itself," * * * * and that a "certain large beam, plank or piece of timber * * * * fell from or out of such scaffold, shed or structure," and struck and injured the plaintiff.

Either count sufficiently avers actionable negligence on the part of the city. In view of the law imposing upon it the absolute duty to maintain its streets and sidewalks in a reasonably safe condition for travel, either count avers, with sufficient particularity, omissions of duty constituting actionable

negligence on the part of the city. We affirm the judgment of the lower court overruling the demurrer, and remand the cause for further proceedings.

*Judgment affirmed, and cause remanded.*