# CHARLESTON.

A. A. WILLIAMS V. MAIN ISLAND CREEK COAL CO. *et al.* ·

Submitted February 18, 1919.     Decided February 25, 1919.

1. EVIDENCE—*Best Evidence—Establishment and Maintenance of Public Roads.*

    Record evidence of action taken by a county court or other governmental agency empowered to control the establishment and maintenance of public roads, streets and alleys, and showing the establishment of such highway or its official recognition by the appointment of road supervisors who have repaired and improved it, is the best evidence of the fact, and, as a general rule, ought to be produced or its absence accounted for.  (p. 467).

2. HIGHWAYS—*"Public Road"—User—Statute.*

    Mere user of a way or road by the public for travel will not suffice to make it a public road within the meaning of section 56a (10), ch. 43, Code 1913, but such user accompanied by some official recognition by the county court, as by work done on it by a supervisor acting by appointment of that tribunal, does come within the intendment of the statute.  (p. 468).

3. SAME—*Selection of Dangerous Way—Assumption of Risk.*

    A traveler having two reasonably convenient ways for his journey, one of which is dangerous and the other not, assumes the risk of injury if he uses the dangerous way, and cannot recover for any injury he may thereby sustain.  (p. 468).

4. SAME—*Dangers—Question for Jury.*

    The comparative availability, convenience, freedom from dangerous defects, and safety for travel as between two or more highways are generally questions for the jury to determine.  (p. 468).

5. SAME—*Injury from Defect in Street—Liability.*

Sections 56a (49) and 56a (50), ch. 43, Code 1913, impose upon a county court, incorporated city, town or village absolute liability for injuries occasioned to travelers by defects in a public road or street. (p. 470).

6. SAME.

The only limitations upon such liability, other than that noted above where there are available two reasonably convenient ways, are where the negligence of the plaintiff is the direct or proxi- mate cause of the injury, or where the defect or obstruction is only a remote cause thereof. (p. 470).

7. SAME—*Defect—Injury to Travel—Liability of County `Court.*

While the liability of county courts is in its nature absolute, a cause of action must exist before a liability arises. (p. 470).

8. SAME—*Injury from Defect—Contributory Negligence.*

If a traveler negligently fails to exercise ordinary care and caution for his own safety against defects in a public highway which he knows or can readily see are dangerous, and has the op- portunity to avoid them, he is not entitled to damages, but must bear the burden of his own indiscretion. (p. 470).

9. SAME—*Defect—Personal I n j u r y—Liability—Defense—Question for Jury.*

Ordinarily such questions of liability and defense in an action based upon an injury due to an alleged defect in a public high- way should be submitted to the jury as the triers of fact. Only where the facts are undisputed or clearly established by the evi- dence do they become questions of law for the court. (p. 471).

10. SAME—*"Out of Repair"—Statute.*

A public road is defective and "out of repair" within the meaning of sections 56a (49) and 56a (50), ch. 43, Code 1913, when it becomes unsafe for reasonable use in the ordinary modes of travel, and includes obstructions to the highway as well as de- fects therein, without regard to the manner in which or the per- sons by whom such obstructions were placed therein. (p. 471).

11. SAME—*Obstruction—Nuisance—Action for Damages.*

But not every obstruction to the free and unrestricted use of a public road or street, even if unauthorized by the proper author- ities, constitutes a nuisance or is actionable in damages. The right of the public to the free and unobstructed use of a highway or street is subject to reasonable and necessary limitations and restrictions. (p. 471).

12. SAME—*Obstruction—Excuse—Liability.*

Temporary obstructions for some purposes frequently are un-

avoidable. But this necessity cannot operate to excuse careless or indifferent disregard of the rights of travelers, or justify the leaving of the street in an unsafe and dangerous condition. (p. 471).

13. SAME—*County Roads—Failure to Remove Obstruction—Secondary Liability—Primary Liability.*

Where by the mere omission of the county court to act promptly in causing the removal of an obstruction placed by another in a county road under its control, from which arises a cause of action for which both are jointly and severally responsible, the county court being the passive or permissive agent and the obstructor the active agent, the former, though liable, is only secondary so, while the latter is primarily liable, and in any event must finally respond to the injury suffered because of the obstruction. (p. 471).

Error to Circuit Court, Logan County.

Action by A. A. Williams against the Main Island Creek Coal Company, the County Court of Logan County, and others. Verdict and judgment for defendants, and plaintiff brings error.

*Reversed and remanded.*

*Greene & Hogsett,* for plaintiff in error.

*J. B. Wilkinson, England, Hager & Davis, Butts & Minter* and *Chafin & Bland,* for defendants in error.

LYNCH, JUDGE:

Denied the right to submit to a jury upon the proof introduced the question of defendant's liability for a personal injury caused by the skidding and upsetting of an automobile driven by him over and along the public road between Logan and Omar, and complaining of a *nil capiat* judgment upon the exclusion of the proof and a directed verdict, the plaintiff prosecutes this writ to reverse the action taken in these respects.

The defendants here and below are the county court of Logan County and the Main Island Creek Coal Company, a corporation, and its agents and employes. The sufficiency of the declaration was not challenged by demurrer. The negligence charged against the county court is its failure to exercise the diligence required by law to keep and maintain the

road in good condition for public travel, and permitting the road to be obstructed by its codefendant, thereby endangering the lives and property of persons lawfully upon it. The negligence charged against the Main Island Creek Coal Company, its servants and agents is the obstruction of the road by the erection and maintenance thereon of a scaffold built out of heavy timbers along and about and attached to a building in process of construction by the defendant company at the time of the injury, and the projection of the scaffold into the road to the extent of about three feet, leaving for public use only from six to eight feet of level space between the structure and the steep bank of Main Island Creek at the point of injury, the bank over which the automobile skidded and upset early one morning when the plaintiff attempted to pass the scaffold in his car.

The proof introduced to show the public character of the road was deemed insufficient to establish that fact. It consists, among other testimony, of that of two surveyors or supervisors, who by appointment of the county court had charge and control of the precinct or district in which the road is located, and under whose direction it was kept in reasonably fair condition for an ordinary country roadway leading from the county seat to and through a rural mining community. Viewers acting or assuming to act under an appointment of the county court, according to the testimony of at least one witness, inspected the road with the view of repairing the injury done to it by a washout occasioned by a freshet in Main Island Creek several years before the accident suffered by plaintiff. The road, as said by many witnesses acquainted with and traveling over and along it, had existed and the public had recognized it for years as a thorofare devoted to general travel without question as to the purpose to which it apparently was devoted.

Plaintiff introduced no record evidence emanating from the minutes of the county court procedings for the purpose of showing official recognition of the roadway or appointment of the road supervisors who testified to the facts already stated. If it be true that such authorization appears, the record is the best evidence of the fact and ought to be produced or its

absence accounted for, as a general rule. Ordinarily such evidence would remove all doubt and uncertainty in respect of a matter of so vital importance in regard to the establishment and maintenance of city, county, state and national highways.

To avoid the difficulty presented in this case may have had some influence upon judicial tribunals in holding sufficient for the establishment of a highway recognition of its existence by the proper governmental agency, as by preparing or repairing it for the use of the public, and its general use as a highway. But whatever the inducement, our decisions, often repeated, say such recognition and use are of themselves sufficient to show the way used and improved to have all the essential characteristics of a thorofare devoted to public use, and to require the county court to respond in damages for injury caused by defects therein due to its negligence.

Besides, under the statute in force at the time of the injury sustained by plaintiff, section 56a (10), ch. 43, Code 1913, "every road * * used and occupied as a public road * * shall in all courts and places be taken and deemed to be a public road * * whenever the establishment thereof as such may come in question." Though broad in its terms, this provision was construed in *Talbott* v. *King,* 32 W. Va. 6, as not actually meaning that mere user of a way for travel will suffice to make it a public road under this section, but that such user accompanied by some official recognition by the county court, as by work done on it by a surveyor or supervisor acting by appointment of that tribunal, does come within the intendment of the statute. *Ball* v. *Cox,* 29 W. Va. 407; *Campbell* v. *Elkins,* 58 W. Va. 308; *Burke* v. *County Court,* 70 W. Va. 174. The road over which plaintiff drove his automobile on the morning of the accident clearly was such a road as the statute intended to be taken and deemed in all respects to be a public highway. It was the only way available for use by the ordinary means of travel through a narrow and circumscribed rural valley between Logan, the county seat of Logan County, and Omar, a valley which at the place where the injury occurred was occupied exclusively by railroad tracks, by buildings and coal mining operations

of the Main Island Creek Coal Company, and by the road-
way. And although at certain seasons travelers departed from
the usual way, as some of the witnesses testified, yet other
testimony seems to warrant the assumption that such de-
parture was no longer possible owing to these improvements,
and at the point where the accident occurred there had never
been any departure of consequence from the used roadway.
After the erection of the barn and the scaffold temporarily
attached to it, the width of the traveled way was narrowed
so that the only space available for the passage of vehicles at
the point was the distance between the outer edge of the scaf-
fold and the creek bank, estimated by not more than three or
four witnesses as being about twelve feet, and by many others
as being from six to eight feet, barely sufficient for a car to
pass, as taxi drivers testified who used the road daily. Nor
was any testimony introduced to show that there was any
other available road for travel between Logan and Omar.

Respecting this situation or condition, the cause of action
averred in the declaration is not within or controlled by the
principles enunciated in *Shriver* v. *County Court,* 66 W. Va.
685, point 4, syllabus, as to any of the defendants. But
more clearly as to the Main Island Creek Coal Company the
case is governed by the principles enunciated in *O'Hanlin* v.
*Carter Oil Co.,* 54 W. Va. 510, 515. In the Shriver case the
plaintiff had the choice of travel between two equally conve-
nient public highways by which to reach his destination, and
with knowledge of the defect that caused him injury he chose
that way rather than the other which was either not defective
or less hazardous. It is said: "A traveler having two reason-
ably convenient ways for his journey, one of which is danger-
ous and the other not, assumes the risk of injury if he uses
the dangerous way, and cannot recover for any injury he may
thereby sustain." The availability, comparative convenience
and freedom from dangerous defects and safety for travel as
between two or more highways, and accessibility of passage
over private property by the use of which injury could be
avoided, and the necessity for assuming the risk by the selec-
tion of the dangerous road, are questions for the jury accord-
ing to that case. However, as developed by the proof offered,

plaintiff, as we have said, had no such choice between traveled roadways and no such access to private property. Upon the retrial, which for reasons herein stated must be awarded, the proof may show what does not now appear upon this phase of the instant case, and nothing said respecting the matters above mentioned is intended to foreclose inquiry as to them.

Our statute, as uniformly construed by this court in numerous decisions, imposes upon a county court, incorporated city, town or village absolute liability for injuries occasioned to travelers by defects in a public road. Sections 56a (49) and 56a (50), ch. 43, Code 1913; *Burke* v. *County Court,* 70 W. Va. 174; *Warth* v. *County Court,* 71 W. Va. 184; *Shipley* v. *County Court,* 72 W. Va. 656; *Boyland* v. *Parkersburg,* 78 W. Va. 749; *Whittington* v. *County Court,* 79 W. Va. 1. The only limitations, other than those laid down in the Shriver case cited, upon the liability of the county courts for injuries occasioned by defects in a public road are where the negligence of the plaintiff is the direct or proximate cause of the injury, (*Phillips* v. *Ritchie County,* 31 W. Va. 477), or where the defect or obstruction is only the remote cause thereof. (*Childrey* v. *Huntington,* 34 W. Va. 457). While the liability of county courts is in its nature absolute, that does not refer to the cause of action. That must exist before a liability arises. *Yeager* v. *Bluefield,* 40 W. Va. 484.

For, except where a statute otherwise provides, as in the Workmen's Compensation Act, the negligence of the person injured and his unwarranted disregard of a danger or defect of which he has notice or knowledge may always be interposed in defense of the action for an injury resulting therefrom. This is but another application of the familiar doctrine that, where an injury is directly traceable to the fault or negligent act of the plaintiff, and but for such fault or negligence the accident probably would not have occurred, he is not entitled to damages. Likewise, if a traveler negligently fails to exercise ordinary care and caution for his own safety against defects which he knows or can readily see are dangerous and has the opportunity to avoid them, he is not entitled to damages but must bear the burden of his own indiscretion. *Phillips* v. *Ritchie County,* cited; *Hesser* v. *Grafton,* 33 W. Va.

548; *Slaughter* v. *Huntington,* 64 W. Va. 237; *Paugh* v. *Parsons,* 74 W. Va. 425; *Corbin* v. *Huntington,* 74 W. Va. 479, and 81 W. Va. 154.

Lawfully to entitle a plaintiff so injured to recover from a county court or other person or persons jointly liable for the consequences resulting from defects or obstructions in a public highway, he must show, by the record evidence, if reasonably available, or in the manner heretofore indicated, the way to be devoted to public use, and the concurrence of the defendants in unlawfully producing the defect or causing the obstruction or permitting them to remain, as the case may be, and that he was injured as a result thereof. To defeat recovery defendants may show the defensive matters recognized by the decisions cited. Ordinarily these questions should be submitted to the consideration and judgment of the jury as the triers of fact, and should not be taken from them. Only where the facts are undisputed or clearly established by the evidence do they become questions of law for the court. *Snoddy* v. *Huntington,* 37 W. Va. 111; *Slaughter* v. *Huntington,* 64 W. Va. 237; *Warth* v. *County Court,* 71 W. Va. 184; *Corbin* v. *Huntington,* 81 W. Va. 154.

A public road is defective and out of repair within the meaning of sections 56a (49) and 56a (50), ch. 43, Code 1913, when it is in such condition as not to be reasonably safe for use in the usual manner and by the ordinary modes of travel, including obstructions to the highway as well as defects therein without regard to the manner in which or the person by whom such obstructions were placed there. *Arthur* v. *Charleston,* 51 W. Va. 132; *Boyland* v. *Parkersburg,* 78 W. Va. 749; *Whittington* v. *County Court,* 79 W. Va. 1; *Johnson* v. *Huntington,* 82 W. Va. 458, 95 S. E. 1044.

But it is not every obstruction to the free and unrestricted use of a public road or street, even if unauthorized by the proper authorities, that constitutes a nuisance or is actionable in damages. The right of the public to the free and unobstructed use of a highway or street is subject to reasonable and necessary limitations and restrictions. Temporary obstructions for some purposes sometimes. doubtless frequently, are unavoidable. *Stanton* v. *Parkersburg,* 66 W. Va. 393;

*Johnson* v. *Huntington*, 80 W. Va. 178; idem, 82 W. Va. 458, 95 S. E. 1044; 3 Dillon, Municipal Corp. (5th Ed.) § 1168. This necessity, however, cannot operate to excuse willful, careless or indifferent disregard of the rights of travelers lawfully entitled to the enjoyment of the highway, nor will it ever justify the leaving of the street or way in an unsafe and dangerous condition. 3 Dillon, Municipal Corp. § 1168. This rule of law applied to the issues here involved means that the Main Island Creek Coal Company is responsible for an injury resulting from or incident to the scaffold, unless it bring itself within the terms of the rule. Whether it can do so or not, the case as now presented does not disclose.

Where by the mere omission of a county court to act promptly in causing the removal of an obstruction placed by another in a county road under its control, from which arises a cause of action for which both are jointly and severally responsible, the county court being the passive or permissive agent and the obstructor the active agent, the former, though liable, is only secondary so, while the latter is primarily liable, and in any event must finally respond to the injury suffered because of the obstruction. For if the highway was unduly obstructed by the scaffold, as the weight and preponderance of the evidence clearly indicates, and the county court is held liable to plaintiff, it would have, within well recognized legal principles, remedy over against its codefendant, Main Island Creek Coal Company, enforceable in an independent action. *Johnson* v. *Huntington*, 80 W. Va. 178; *Richmond* v. *Sitterding*, 101 Va. 354; 4 Dillon, Municipal Corp. (5th Ed) §§ 1725-1728, citing numerous cases.

For the reasons assigned our order will reverse the judgment and remand the case for new trial to be governed by the principles herein announced.

*Reversed and remanded.*