# CHARLESTON.

S. DORSEY *v.* J. M. WILLIAMSON, *as Mayor of the City of Moundsville, and the* CITY OF MOUNDSVILLE *et als.*

(No. 5584)

Submitted September 21, 1926.   Decided September 28, 1926.

1. MUNICIPAL CORPORATIONS—

   The dominion of a city over its sidewalks is not impaired by Ch. 48A, Code.   (p. 211.)

   (Municipal Corporations, 28 Cyc. p. 849.)

2. SAME—*State Fire Marshal's Approval of Fire Escape Extending Over Sidewalk Does Not Nullify Authority of City Officials to Require Removal (Code 1923, c. 48A; Acts 1911, c. 82, As Amended by Acts 1921, c. 16).*

   The approval by the State Fire Marshal of the plan of a fire escape, which extends several feet over the sidewalk of a city, does not nullify the authority of the proper city officials to require the removal of the fire escape.   (p. 211.)

   (Municipal Corporations, 28 Cyc. p. 861.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Appeal from Circuit Court, Marshall County.

Suit for injunction by S. Dorsey against the City of Moundsville.   From a judgment for complainant, defendant appeals.

*Reversed; bill dismissed.*

*A. L. Hooton,* City Sol., and *Martin Brown,* for appellant.
*Charles E. Carrigan* and *James D. Parriott,* for appellee.

HATCHER, JUDGE:

S. Dorsey owned a three story building in the City of Moundsville.   He was required by the State Fire Marshal to equip this building with a fire escape.   In compliance with this order, he submitted to the Fire Marshal a plan of a fire escape to be constructed on the front of the building, and extending over the sidewalk three or four feet.   The Fire Marshall approved the plan, and Dorsey commenced the

construction of the fire escape. The Council of the City of Moundsville, through its officers, ordered that the construction of the fire escape cease, and that it be removed. Dorsey then applied to and received from the circuit court of Marshall County an order enjoining all interference by the City with the construction of the fire escape. The City appeals.

Further detail of the facts in this case would not in any way embellish this opinion, as the sole point presented is one of law. Counsel for Mr. Dorsey contend that as the authority of the city is subordinate to that of the state, and the Fire Marshal represented the State in this matter, his approval of the fire escape takes precedence over the disapproval of the City.

The authority conferred on the State Fire Marshal may be found in Ch. 48-*a*, Code, 1923. The duties of his department are few and its authority is very limited. His department is given the right to investigate and take testimony relative to every fire where the damage exceeds fifty dollars, to arrest or cause the arrest of incendiaries, to examine buildings, and to require the installation of fire escapes and necessary exits on certain buildings. Nowhere in the chapter is the Fire Marshal granted, even by implication, any authority over the streets of a city. His department is of purely statutory creation, and its powers are circumscribed by the statute. It can exercise only such authority as is given thereby. The Fire Marshal's approval of a fire escape goes only to its efficiency as a means of escape from a building in case of fire. Such approval would prevent prosecution under Sec. 13, *supra*, but that is as far as its inhibition would extend. The fact that the structure in this case extended over the sidewalk was likely not considered by the Fire Marshal; his duty was not to protect the street from encroachments, but to see that the building was provided with a suitable escape in case of fire. Nothing in the case indicates that the Marshal intended his approval to forestall action by the city authorities.

Under Ch. 82, Acts of 1911, as amended by Ch. 16, Acts of 1921, the City of Moundsville has plenary power to keep its sidewalks free from obstructions or encroachments either on

or over the walks. Its authority in this respect is not impaired by Ch. 48-*a*, Code. Proper protection of the public demands that it enforce this authority. *Johnson* v. *City of Huntington,* 82 W. Va. 458. A reasonable exercise of this power cannot be regulated by a court. *City of Charleston* v. *Littlepage,* 73 W. Va. 156 (165).

There is no question here of conflict between the State and the City authority, or the precedence of the one over the other. The dominion over its streets granted the city by the State has not been revoked. Until this authority is diminished, no State department can override the city's sovereignty. *City of Bluefield* v. *Public Serv. Com.,* 94 W. Va. 334.

The authorities uniformly hold that if a structure be erected, which extends over the sidewalk, without the consent of the municipality, it is an illegal obstruction which the proper city officials may require to be removed. Dillon Municipal Corps. par 1182, 1186.

The judgment of the lower court will be reversed, and the bill dismissed.

*Reversed; bill dismissed.*