# CHARLESTON.

COUNTY COURT OF RALEIGH COUNTY v. E. C. MINTER
COAL COMPANY

(Nos. 5812, 5812-A)

Submitted February 15, 1927.    Decided March 15, 1927.

1.  DEDICATION—*Dedication of Road Built by Railroad on Property of Company Interested in Railroad, to Take Place of Road Taken by Railroad, Will be Presumed After Eight Years' Use.*

   A corporation, owning a vast area of coal lands, through which a public road extended, was interested in the construction of a railroad to develop for coal mining purposes a large boundary of land owned by it. For the convenience of the railroad company and the lessees of the land company, the county court permitted the appropriation of parts of the public road for the railroad right-of-way, in consideration of which the railroad company constructed a new public road over the property of the land company, in close proximity to the old route, the road as altered being thereafter used by the public and maintained by the county court as a public road for

eight or ten years without protest by the land company or those claiming it. Held: A decidation of the road as re-located will be presumed. (p. 386).

(Dedication, 18 C. J. § 119.)

2.   SAME—*Dedicated Road Will be Presumed to be 30 Feet Wide in Absence of Proof to Contrary (Code, c. 43, §§ 3, 130).*

Under Sections 3 and 130, Chapter 43, Code, making all county-district roads, however established, thirty feet in width measured fifteen feet on either side from the "center of the traveled way," the dedication in such case, in the absence of proof to the contrary, will be presumed to have been of a right-of-way thirty feet wide. (p. 390).

(Dedication, 18 C. J. § 132 [Anno]; Highways, 29 C. J. § 27.)

(NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Raleigh County.

Suit by the County Court of Raleigh County against E. C. Minter Coal Company, for a mandatory injunction. From the decree, both parties appeal.

*Decree reversed; injunction awarded.*

*E. Clyde Scott, Grover C. Trail,* and *W. H. File,* for Raleigh County Court.

*John Q. Hutchinson, C. M. Ward,* and *Carl C. Sanders,* for E. C. Minter Coal Co.

LITZ, JUDGE:

The plaintiff, County Court of Raleigh County, seeks by mandatory injunction the removal of obstructions from a county-district road.

Prior to 1915, a public road along Stone Creek, in Slab Fork District of said county, was established by public user and maintenance for more than thirty years. During the year 1915 and the early spring of 1916 the Virginian Railway Company, while constructing a branch line of its railway up Stone Coal Creek, appropriated portions of said road for its right-of-way, constructing in lieu thereof a new road in close proximity to the original route. The road as originally established and relocated extends through the lands of

the Western Pocahontas Corporation, which was vitally interested in the construction of the railroad to develop its extensive holdings of coal property in that territory. The County Court consented to the relocation of the road for the convenience of the railway company and the lessees of the land company, upon the representation of counsel for the land company that the change would be entirely satisfactory to it. The road, as relocated, since its completion in the early spring of 1916, has been used for public travel and maintained by the County Court.

By deed dated October 1, 1918, the Western Pocahontas Corporation leased and demised unto East Gulf Coal Company, for coal mining purposes, a large boundary of land through which the road passes. By deed dated February 9, 1920, East Gulf Coal Company, with the consent of the Western Pocahontas Corporation, leased and demised unto C. H. Meade Coal Company for coal mining purposes a parcel of said land containing 2500 acres. By deed dated April 1, 1920, C. H. Meade Coal Company, with the consent of the Western Pocahontas Corporation, leased and demised unto the defendant, E. C. Minter Coal Company approximately 500 acres of the 2500 acre tract.

For the purpose of operating under its lease, in 1921 the defendant erected a coal tipple across said road, leaving a passage of about 15 feet in width and a clearance of approximately 10 feet overhead. It also laid across and along the road near the tipple narrow gauge railway tracks to be used in the operation of the coal plant.

January 23, 1924, Slab Fork District voted a bond issue of $400,000.00 for the purpose of grading and hard-surfacing certain roads in the district including the "Stone Coal Road". This road was then improved under the bond issue in both directions from immediately above and below the tipple. The defendant being unwilling to relinquish use of the road in the operation of its tipple and railway tracks, J. F. Bolen, a member of the court, and also director and stockholder of the defendant company, directed J. F. Rothwell, a contractor, to grade a road around the mountain side

above the tipple, connecting with the county-district road. The work was proceeded with at great cost to the contractor. The road so constructed around the tipple is steep and curved, while the one passing thereunder is level and straight.

The County Court refused to ratify the action of Bolen, or to pay the contractor for the work. Later, the defendant completely obstructed the passageway under the tipple and posted notices forbidding the public to use the same. This suit followed.

Upon a final hearing, the circuit court decreed that the road in question "is a county-district road and therefore a public highway, subject, however, to the rights of the E. C. Minter Coal Company to use, occupy and maintain its present coal mine tipple over and across said road". The decree undertakes also to confer on the defendant other uses of the road superior to the rights of the public.

The evidence amply supports the decree in so far as it determines that the road is a public one. There can be no doubt of the public character of the road as originally located, which had been used and maintained as a public highway for more than thirty years prior to the alteration in 1915. A public road may be established by ten years continuous, public user and maintenance under the supervision of the county court. *Williams* v. *Main Island Creek Coal Company,* 83 W. Va. 464; *Ryan* v. *County Court,* 86 W. Va. 40. Section 3 of Chapter 43, Code, provides:

> "The term 'Public Road', 'Highway', or 'Road' shall be deemed to include the right-of-way, roadbed, and all necessary culverts, slopes, retaining walls, bridges, tunnels and viaducts necessary for the maintenance of travel, dispatch of freight and communication between individuals and communities; and such public road or highway shall be taken to include any road to which the public has access and which it is not denied the right to use, or any road or way leading from any other public road over the land of one or more persons to the land of another person, and which shall have been established pursuant to law. Any road shall be conclusively presumed to have been so established

> when it has been used by the public for a period of ten years, or more, and public moneys or labor have been expended thereon, whether there be any record of its dedication or appropriation to public use or not. *In the absence of any other mark or record, the center of the traveled way shall be taken as the center of the road, and the right-of-way shall be designated therefrom an equal distance on each side.*"

The relocation of the road for the benefit of the land owner, the Western Pocahontas Corporation, and its continuous user thereafter, until immediately before the institution of this suit on the 21st day of July, 1925, without objection, prima facie at least establishes dedication. "No specific length of possession is necessary to constitute a valid dedication; all that is required is the assent of the owner of the soil to the public use, and the actual enjoyment by the public of the use for such a length of time that the public accommodation and private rights would be materially affected by a denial or interruption of the enjoyment." 2 Dillon Municipal Corporations, (5th ed.), Sec. 1074. The same text, in Section 1081, states: "But where the question is as to an *intent* on the part of the owner to dedicate, *user by the public* for a period less than that limiting real actions is important as evidence of such intention, and as one of the facts from which it may be inferred." In 13 R. C. L. p. 38, it is said: "The length of time necessary to raise a presumption of dedication from user depends on the circumstances of each particular case and no absolute rule can be laid down to govern it.. It has been held that the user must continue for the period necessary to create title by prescription. But the general rule seems to be that it is the intention of the proprietor of the land, rather than the time of sufferance, which must determine the fact of dedication, and hence proof of user for a period much shorter than that required to show title by prescription may be sufficient. Such use, however, ought to be for such a length of time that the public accommodation and private rights might be materially affected by an interruption of the enjoyment, and the length of time of the user is

a fact for the jury to consider, as tending to prove an actual dedication and acceptance by the public.'' And, according to 18 C. J. p. 104, where land has been used continuously by the public with the owner's acquiescence for such a length of time that private rights and the public convenience and accommodation will be materially affected by an interruption of the enjoyment, dedication will be presumed.

Having concluded that the relocation of the road in question has been established by dedication, we are further of opinion that the road, as dedicated, is thirty feet in width, measured fifteen feet on either side from ''the center of the traveled way'', in accordance with Section 3, Chapter 43, Code, heretofore quoted. Section 130 of said Chapter requires that all district roads which are now, or which may hereafter be, established shall occupy a right-of-way not less than thirty feet wide, exclusive of slopes, cuts and fills, unless the county court shall have made a specific order for a different width.

With notice of the statute making all county-district roads thirty feet in width, no matter how established, measured fifteen feet on either side from the ''center of the traveled way'', the dedication, in the absence of proof to the contrary, will be presumed to have been of a right-of-way thirty feet wide. *Meservey* v. *Gulliford,* 14 Idaho 133, 93 Pac. 780; 29 C. J. 392; Elliott Roads and Streets, Sec. 430.

We cannot, however, agree with the circuit court that the rights of the public in the highway are subordinate to those of the defendant coal company. The circumstances do not established an estoppel, if indeed the County Court can in such cases be estopped from maintaining suit to remove obstructions from a county-district road.

The decree of the circuit court from which the plaintiff appeals is reversed in so far as it reserves to the defendant any rights in the use of the road in question; and the mandatory injunction prayed for by the plaintiff will be awarded by this Court.

*Decree reversed; injunction awarded.*