IRA G. REIP *v.* COUNTY COURT OF CALHOUN COUNTY

(No. C.C. 440)

Submitted January 14, 1931. Decided January 30, 1931.

*S. P. Bell,* for plaintiff.

*B. Hopkins* and *A. G. Mathews,* for defendant.

HATCHER, JUDGE:

A demurrer to the declaration in this case was overruled and the sufficiency of the declaration certified to this Court for decision.

The allegations of the declaration are, substantially, as follows: Plaintiff has owned a farm for many years, and about 30 years ago, without obtaining any right whatsoever from him, the defendant constructed, and has since maintained, a roadway through the farm. Plaintiff limited the width of the use to 20 feet by fences on either side of the way, from the time it was opened until about December, 1928, when the defendant, again without permission from plaintiff, tore down the fences on both sides of the road, and widened the way to 30 feet. For enumerated damages resulting from the last act of defendant, plaintiff seeks a recovery.

The grounds of demurrer are that from the long uninterrupted user, the defendant acquired title to the roadway either from (a) an implied dedication by plaintiff, or (b) by prescription; and that under either theory the width of the way is necessarily 30 feet in accordance with the statute in force at the time and for many years after the road was constructed. See Code 1899, chapter 43, section 34.

We have held that, in the absence of *proof to the contrary,* the width of such a dedication will be presumed to have been thirty feet. *County Court* v. *Coal Co.,* 103 W. Va. 386. Here, this presumption cannot be entertained because of *the allegation to the contrary* as to the location of the fences. See *Kruger* v. *LeBlanc,* 70 Mich. 76. A holding that the adverse user extended over the entire statutory width is also pre-

vented by the same allegation. The fences limited either a dedication or the user clearly to 20 feet. If a conclusion so obvious needs support, see *Town of Harmony* v. *Clark,* 250 Ill. 57, which holds, under a statute similar to ours: ''Where a road is not originally laid out, under the statute, by the commissioners of highways, its width is to be determined by the fences built by the owners on each side of the road, whether the road is claimed to exist by dedication or prescription.''

The demurrer was properly overruled.

*Affirmed.*