JAMES CANN, Judge.
On the fourteenth day of December, 1949, claimant, accompanied by Dorothy Jones McGarry and one Mrs. Fondaw, were enroute in claimant’s automobile from Fairmont to Grafton, traveling over U. S. route 250. When about two miles from the city of Fairmont, and still within the city limits, claimant, who had just rounded a slight curve, was proceeding down grade over a straight stretch of road and after traveling several hundred yards her automobile hit an icy spot in the road and began to skid which caused the automobile to go over an embrankment resulting in the injuries and damages complained of.
The evidence disclosed that this accident occurred about ten o’clock in the morning; that it was a clear, sunshiny day, but somewhat cool; that the road, which was of concrete, was *185 apparently in good condition; that claimant and her two companions were sitting in the front seat of claimant’s automobile and were traveling approximately thirty miles per hour. Although claimant attempted to show that the icy spot in the road was caused by inadequate drainage, it developed from the evidence that the ditches alongside the road were dry and that the icy spot was caused by water seeping up through the highway and freezing.
In spite of what the respondent, or its agents, could or should have done with respect to the seepage of water on this road, from the evidence introduced a situation presents itself concerning what claimant did or could have done to prevent this accident prior to driving her automobile over the icy spot in question. Both claimant and Mrs. McGarry say they were traveling over a straight stretch of road; that they had a clear and unobstructed view of the road ahead; that they had traveled several hundred yards — Mrs. McGarry says several hundred feet — before coming onto the icy spot, yet neither they or their third companion saw or noticed the icy spot on the road until they were on it. Both say that they were very well acquainted with this particular stretch of road, having traveled over it a number of times. They further state that neither of them ever recalled having seen ice or water at the particular spot where the icy spot was or ever hearing, or knowing, of anyone having any accidents there.
It is a well settled proposition of law in this state that a traveller on the public highways must exercise ordinary care and caution; he or she cannot shut their eyes against apparent dangers. Claimant had ample oportunity to observe the condition of the road and if she had used the ordinary care and caution required of her, she surely could, or should, have seen the icy spot. Claimant when asked if she had not observed the ice replied, “I wasn’t looking for any ice at all because it was such a lovely day.” (r. p. 34). And on another accasion she was asked, “Of course finding ice in the road was an indication that it was freezing?” and she replied, “Yes, it was.” Then she was asked, “Do you realize, Mrs. Taylor, that in the winter *186 time you are likely to find frozen places on highways in this state?” and she replied, “I suppose I should have realized it, but we had such lovely weather. There was no sign of any freezes at all! I guess I wasn’t looking for it that morning,” (r. p. 20). From the above we can see that claimant was not using the ordinary care and caution required of her. Our Supreme Court has held:
“If a traveller negligently fails to exercise ordinary care and caution for his own safety against defects in a public highway, which he knows or can readily see are dangerous, and has the opportunity to avoid them, he is not entitled to damages, but must bear the burden of his own indiscretion.” Williams v. Main Island Creek Coal Co., 98 S. E. 511.
“Defects may be either patent or latent. Where the defect is open and easily discovered the traveller cannot, acting upon the presumption which exists in his favor, run blindly into it.” Boyland v. City of Parkersburg, 90 S. E. 347.
Even assuming that respondent, or its agents, may have been negligent or remiss in their duty with respect to their taking care of the road situation in this matter, we conclude that claimant contributed proximately to her own injuries and damages sufficient to bar recovery, notwithstanding that respondent may have not been entirely free from blame. We believe the evidence in this case does not establish a claim which the state should discharge. Therefore, an award is denied and the claim dismissed.