# WHEELING.

## CHAPMAN v. MILTON.

*(Absent, GREEN, JUDGE.)

Submitted June 14, 1888.—Decided June 27, 1888.

1. DECLARATION—MUNICIPAL CORPORATIONS—DEFECTIVE STREETS—PLEADING—NOTICE OF DEFECTS.

Our statute (section 53, ch. 43, Code) imposes an absolute liability upon cities, villages, and towns for injuries sustained by reason of the failure of the municipal authorities to keep in repair

*On account of illness.

those streets, sidewalks, etc., within the corporate limits, which its authorities have opened or controlled, and treated as public streets, side-walks, etc., and therefore, in an action against a town by a person injured by a defective side-walk, he is not required to allege in his declaration, or prove on the trial, that the defendant had notice of the defect or want of repair in such side-walk.

2. DECLARATION—INJURIES BY DEFECTIVE STREETS—PROOF OF MUNICIPAL CONTROL.

But, in order to entitle the plaintiff to recover on such action, he must allege and prove that the street or side-walk upon which the injury occurred was, at the time and place where the injury was sustained, controlled and treated by the town authorities as a public street or side-walk, and opened as such.

*Simms & Enslow* for plaintiff in error.

*E. M. McAllister* and *Gibson & Michie* for defendant in error.

SNYDER, JUDGE:

Trespass on the case, brought by Willis Chapman against the town of Milton, in the Circuit Court of Cabell county, to recover damages for injuries sustained by the plaintiff by reason of the defendant's neglect to keep in repair a certain public side-walk within its corporate limits. The defendant demurred to the declaration, and pleaded not guilty. The court overruled the demurrer; and, issue being joined on the plea, the case was tried by a jury, and verdict returned for the plaintiff for $418.00 damages, which verdict the defendant moved the court to set aside, but the court overruled the motion, and entered judgment for the plaintiff, and the defendant brought this writ of error.

The first error assigned is that the court improperly overruled the demurrer to the declaration. The only objection made to the declaration is that it fails to allege that the defendant had notice of the defect in the side-walk which caused the injury. Our statute declares that "any person who sustains any injury to his person or property by reason of a public road, bridge, street, side-walk, or alley in any corporate city, town, or village being out of repair, may recover all damages sustained by him by reason of such injury, in an action on the case, in any court of competent jurisdic-

tion, against the county court, city, village, or town in which such road, bridge, street, side-walk, or alley may be, except that such city, village, or town shall not be subject to such action unless it is required by its charter to keep the road, bridge, street, side-walk, or alley therein, at the place where such injury is sustained, in repair." Section 53, ch. 43, Code 1887, p. 331. This statute in express terms makes the town liable for damages for injuries sustained by reason of a defect in a public street or side-walk. The language is unqualified, and without exception or limitation, and therefore the question of notice or want of care on the part of the town is altogether immaterial. The exercise of any degree of care in repairing the street or side-walk is no defence to an action against the town for injuries from a defect therein if, notwithstanding such care, the street or sidewalk was in fact defective. It is only necessary, in such action, to allege and prove the existence of the defect, and that the injury was occasioned thereby. Shear. & R. Neg., § 369; *Sheff* v. *Huntington*, 16 W. Va. 307.

The rule is otherwise in the case of towns or other municipal bodies upon which no such absolute liability is imposed. They are only bound to exercise ordinary care and vigilance in keeping their streets in repair, and therefore, before they can be made liable for injuries caused by a defect in a street or side-walk not arising from its construction, or from an act authorized by the corporation, either express notice of the nuisance must be brought home to it, or the defect must be so notorious as to be observable by all, for a sufficient time to enable the corporation to repair it. Shear & R. Neg., § 407; 2 Dill. Mun. Corp., § 1024. In this class of cases it is essential that the plaintiff should both allege and prove notice to the corporation of the defect which caused the injury. *Noble* v. *City of Richmond*, 31 Grat. 271.

But in cases like that now under consideration, where the statute in express terms imposes an absolute liability upon the town, it is unnecessary to allege or to prove notice of the defect to the town. This statute seems to be somewhat harsh and impolitic; but it is one the Legislature had the power to make, and therefore nothing is left to the courts but to enforce it. However, the construction we have given

it is not likely to expose municipal corporations to any extraordinary burden, because if the defect in the highway be open and visible, and the traveler, through his own negligence or rashness, should, by attempting to pass over it, thereby suffer injury such injury would be attributable to himself, and could not be said to arise from the want of repair in the highway. *Yale* v. *Hampden*, 18 Pick. 357; 2 Dill. Mun. Corp., § 1026. For the reasons stated I am of opinion that the court did not err in overruling the demurrer to the declaration.

The next error relied on by the plaintiff in error is that the court erroneously instructed the jury. The evidence tended to prove that, on the day he was injured, the plaintiff and one Nelson went up the railroad track to a certain point, and then left the road, and got upon the board side-walk in the corporate limits of the defendant; that, while walking along said plank side-walk by the side of Nelson, the latter stepped upon the end of one of the planks of which the walk was constructed, and caused the end next to the plaintiff to fly up, and strike the plaintiff, whereby he was thrown down and injured; and that the said side-walk where said injury occurred was in bad condition by reason of the rotting of the stringers on which the walk was laid out, and the consequent loosening of the nails by which the plank had been fastened to the stringers.

After all the evidence had been introduced, the court, at the request of the plaintiff, instructed the jury, in effect, that if they believed the side-walk on which the injury occurred was at the time within the corporate limits of the defendant; that the side-walk was out of repair, and by reason thereof the plaintiff was injured,—then the plaintiff is entitled to recover, unless the jury are satisfied that the plaintiff was negligent, and that his negligence was the proximate cause of the injury; and, further, that the burden of proof as to such negligence of the plaintiff rests upon the defendant. After the court had given this instruction the defendant requested the following instruction: "The court instructs the jury that the mere fact that the side-walk complained of was within the corporate limits of the defendant town is not sufficient to charge the town with the duty of keeping it in good repair and safe condition. To charge the

defendant with that duty, it must be proved in the case that it is within the limits or lines of the public street or road in the town, made so by the council of the town, or that the authorities of the town have exercised control over it before the happening of the injury to the plaintiff." Upon the objection of the plaintiff the court refused to give this instruction.

The only objection urged here to the aforesaid instruction which the court gave to the jury is that it omits to charge that notice to the defendant of the defect in the side-walk should be proved before the plaintiff is entitled to recover. The untenable nature of this objection is fully established by what has already been said in disposing of the demurrer to the declaration. It is not essential, in cases of this character, that the defendant should have notice of the defect in the side-walk to entitle the plaintiff to recover. But we do think that the court should have qualified this instruction by giving to the jury the one requested by the defendant, and which was refused by the court. The statute hereinbefore referred to expressly declares that "such city, village, or town shall not be subject to such action unless it is required by its charter to keep the road, bridge, street, side-walk, or alley therein, at the place where such injury is sustained, in repair. If it is not so required, the action and remedy shall be against the county court." The general statute (chapter 47 of the Code) under which the town of Milton was incorporated, and which consequently constitutes its charter, does not in express terms require the town to keep any of its streets or side-walks in repair; but by section 28 of said statute the council of the town are given the power "to lay off, vacate, close, open, alter, curb, pave, and keep in good repair roads, streets, alley, side-walks," etc., within its corporate limits; and this and other sections empower the council to provide the means to open and repair the streets, alleys, side-walks, etc., of the town.

It is a general rule, which has been recognized and acted upon by this court, that when a city or town is thus given control over its streets and walks, and is empowered to provide the means of making and keeping them in repair, the law not only imposes it as a duty upon the corporation to

keep its streets and walks, etc., in repair, but by implication it imposes a liability upon it to do so, and makes it respond in damages to any one injured by reason of its failure to do so. *Wilson* v. *City of Wheeling*, 19 W. Va. 323; *Curry* v. *Mannington*, 23 W. Va. 14. This implied liability is evidently the one referred to in the statute as imposed by the charter of the city or town; for none of the cities, towns, and villages incorporated under the general law of this State are expressly required by their charters to make and keep in repair their streets. Therefore, unless the statute has reference to their implied liability, none of this class of cities, towns and villages can be made subject to an action for the failure to keep their side-walks, streets, etc., in repair, but in all such cases the county, by the express mandate of the statute, would have to be sued for the default of the city or town. Such a construction of the statute would be unreasonable, and can not be entertained.

But, while the town is thus required to open and keep its streets and walks in repair, the statute does not compel it to improve and keep in repair all of its streets. In order to fix a liability upon the town, it must be proved to the satisfaction of the jury that the "place where the injury is sustained" was upon a street or side-walk which had been opened and improved by the town or which had been used and treated by the town authorities as a public street or side-walk. It is not every passway within the corporate limits, although it may be designated on the plat of the town, and intended to be at some time improved as a street, that the authorities are bound to keep in repair, but only those which they open and assume to keep in repair for the use of the public,—those which they have graded or otherwise improved. In regard to these latter they assume a duty to the public which they must discharge, or respond in damages to any one injured for the failure to do so. *Mayor* v. *Sheffield*, 4 Wall. 189, 194.

For the error aforesaid the judgment of the Circuit Court must be reversed, and the case remanded for a new trial.

REVERSED. REMANDED.