## CHARLESTON.

### ROHRBOUGH *v.* BARBOUR COUNTY COURT.

Submitted September 17, 1894.—Decided December 15, 1894.

DAMAGES.

Where an injury is the combined result of a horse becoming suddenly frightened and shying away from a pile of rock beside the roadway, and the failure of the County Court to provide a suitable guard rail along the approach to a bridge, the county is liable for the damages sustained by reason thereof.

W. T. ICE and C. F. TETER, for plaintiff in error cited 30 W. Va. 657; 31 W. Va. 477; 33 W. Va. 548; 29 W. Va. 98.

V. WOODS, for defendant in error cited 31 W. Va. 478; Code, c. 43, s. 53; 12 Allen 423, 424; 2 Sher. & Red. Neg. § 356; 3 Allen 398; 35 N. H. 271; 44 Barb. 385.

DENT, JUDGE:

The plaintiff in this case obtained a judgment against the defendant in the Circuit Court of Barbour county for the sum of one hundred and twenty five dollars, for injuries alleged to have been occasioned by the negligence of the defendant. The facts in the case are as follows, to wit:    About 8 o'clock P. M. on a very dark night.    The first Sunday in August 1890 the plaintiff was driving up the approach of a county bridge at the town of Philippi in the county of Barbour, when his horse became suddenly frightened at a pile of large rock lying beside the roadway, and began to turn around and, before plaintiff could arise to his feet or do anything to control it, backed over the unprotected wall of the approach to the bridge, throwing plaintiff out, and falling upon and destroying the buggy.    If a suitable railing had been placed along the approach, the accident would not have happened.    The horse was spirited but not vicious, and, as the evidence appears to indicate, the whole matter was almost an instantaneous occurrence, there being not sufficient time between the fright of the horse and the accident to enable the plaintiff, a man of ordinary prudence, to regain control of his horse.

The only question presented is the liability of the defendant for the damages sustained by the plaintiff.    In the case of *Smith* v. *County Court*, 33 W. Va. 713 (11 S. E. Rep. 1) this Court held that the county was not liable for injuries sustained by reason of a horse frightened at two calves backing a buggy over the side of a narrow road, as the accident was not occasioned by a failure to keep the road in proper repair but by the unmanageableness of the horse, which was caused by the sudden appearance of the calves, and by the unskillfulness of the driver.

The Supreme Court of Massachusetts, in the case of *Titus* v. *Northbridge*, 97 Mass. 266, says:    "When a horse, by reason of fright, desease, or viciousness, becomes actually uncontrollable, so that his driver can not stop him, or direct his course, or exercise or regain control over his movements, and in this condition comes on a defect in the highway, or upon a place which is defective for want of a rail-

ing, by which an injury is occasioned, the town is not liable for the injury, unless it appear that it would have occured if the horse had not been so uncontrollable. But a horse is not to be considered uncontrollable that merely shies or starts, or is momentarily not controlled by the driver."

The same court in the case of *Palmer* v. *Andover*, 2 Cush. 608: "It is the ordinary course of events, and consistent with a reasonable degree of prudence on the part of the traveler, that accidents will occur; horses may be frightened; the harness may break; a bolt or screw may be dropped. To guard against such accidents, the law requires suitable railings and barriers, a proper width, to the road, and whatever may be reasonably required for the safety of the traveler." The law is also stated as follows, to wit: "Where the injury is the combined result of an accident and a defect in the highway, and would not have happened but for the defect, the town is liable." *Palmer* v. *Andover, ut supra; Kelsey* v. *Glover*, 15 Vt. 708; *Davis* v. *Dudley*, 4 Allen, 557.

From these authorities the proposition is deduced, that, if sufficient time elapses between the fright of the horse and the accident to permit the driver being a man of ordinary prudence to make a proper effort to regain control of the frightened animal, even though he should fail, the county would not be liable for its negligence, as the injury must be attributed to the viciousness of the horse rather than to the defect in the highway. But if no such time intervenes, but the fright and accident are concurrent events, then the county would be liable; for the very purpose of the law in requiring dangerous approaches to bridges to be protected by a sufficient railing is to guard against just such accidents, rendered unavoidable by reason of their suddenness.

In this case it is not made to appear whether any time intervened between the fright of the horse and the accident; but it appears to be conceded that they were both almost simultaneous occurrences. Before he was able to make any effort to control the horse, the driver, buggy and horse had gone over the wall of the approach to the bridge. Neither want of due care in the circumstances can be im-

puted to the driver, nor viciousness to the horse. It is true that the accident would not have occured, if the horse had not become frightened; neither would the fright of the horse have occasioned the accident if the legal guard-rail had been there to prevent it. The plaintiff was not guilty of contributory negligence in attempting to cross the bridge after night. It was open for travel, and he had the right to presume in the absence of knowledge to the contrary, that the county had discharged its duty and made it safe for travelers, even on a dark night. The best of horses will become suddenly frightened, and no human foresight can forsee and guard entirely against such fright; but dangerous bridge approaches can and should be protected by suitable railings.

From the certificate of facts as ascertained by the judge of the Circuit Court, who visited and viewed the place of the accident, we are unable to say that his conclusion and judgment are wrong in the light of the foregoing decisions; and therefore the judgment is affirmed.