# CHARLESTON.

LYDIA BLANKENSHIP v. THE CITY OF WILLIAMSON

(No. 5363.)

Submitted March 9, 1926.   Decided March 23, 1926.

1. AUTOMOBILES—*Whether City's Negligence in Permitting Ob-struction of Street Was Proximate Cause of Pedestrian's Injury by Motor Truck Struck by Passing Automobile, Held for Jury (Code C. 43 § 167).*

   Whether the negligence of the defendant as charged in the declaration is the proximate cause of the plaintiff's injury, or whether the sole cause of the injury was the act of an independent third person, are questions of fact for jury determination.   (p. 200.)

   (Municipal Corporations, 28 Cyc. pp. 1509, 1510.)

2. MUNICIPAL CORPORATIONS—*City is Liable for Injuries Re-ceived as Combined Result of Accident and City's Negli-gence, Although Accident Was Primary Cause of Injury (Code C. 43 § 167).*

   A city is liable for injuries received by a person observing due care for his safety, as the combined result of an accident and the city's negligence, although the accident is the primary cause of the injury, where the injury would not have occurred but for such negligence, and the consequences of its negli-gence could, with common prudence and sagacity, have been foreseen and provided against by the city.   (p. 202.)

HATCHER, JUDGE, absent.

   (Municipal Corporations, 28 Cyc. p. 1409.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Mingo County.

Action by Lydia Blankenship against the City of William-son.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Wade H. Bronson,* for plaintiff in error.

*Joe Hatfield* and *Randolph Bias,* for defendant in error.

WOODS, JUDGE:

In an action against the City of Williamson for injuries sustained by reason of its negligence in leaving a certain

street out of repair, the plaintiff recovered a $1,000.00 judgment. From this judgment the city prosecutes this writ of error.

The paved portion of East Fourth Avenue was sixteen feet wide. At the point of the accident there was no sidewalk on either side of the street, and because of the steep eighteen-foot embankment down to the railroad tracks on the south and the hillside on the north, pedestrians were required to use the street, which was also used by vehicles. On the bank at the north curb at that point there was a pile of earth extending out onto the paved portion of East Fourth Avenue a distance of about six feet, the same being approximately ten feet in length and from two to three feet in height at the curb. Some lumber was piled in an irregular and mixed manner on top of the earth. This earth and lumber had been there for about three weeks. At the time of the accident the plaintiff and a Mrs. Hatfield were returning home from a store, which was located some two hundred feet to the west of her residence. They had just stepped out into the street and were starting around this obstruction, when plaintiff noticed two cars—one a large truck—approaching from the east, the one in the rear attempting to pass the one in front. Plaintiff and her companion got upon the pile of earth and lumber (the only available place of safety) to be out of the way of the cars at this narrow place in the street. The rear car as it whipped past the truck, which was just arriving at the narrow part of the street, struck the hub of the left front wheel of the truck, causing the wheels of said truck to be so cut as to run it into the pile of earth and lumber. Mrs. Hatfield by force of the collision of the truck with the lumber was thrown against the bank out of the range of the truck, while the plaintiff was knocked into the paved portion of the street and one wheel of the truck ran over her. She was dragged for two car lengths, according to her testimony. As a result plaintiff sustained serious and permanent injuries.

The defendant pleaded the general issue of not guilty, and issue was joined on this plea. The plaintiff's theory was that the alleged street was out of repair and that this was the

proximate cause of her injuries. The defendant assigns three errors as grounds for reversal: (1) The plaintiff failed to prove that the place where the accident occurred was a public street of the city; (2) the alleged obstruction in the street was not the proximate cause of the injury—the injury was caused solely by the act of an independent third person; and (3) the earth and lumber in the street did not render the same unsafe for reasonable use in the ordinary modes of travel.

It was shown in evidence that for ten years the street in question had been the only thoroughfare leading through East Williamson and that it had been paved and recognized by the city as such for that period of time. "Very slight corporate recognition of a way so laid out and used by the public suffices, and it may be implied as well as express." *Post* v. *City of Clarksburg,* 74 W. Va. 48.

The contention, as we have seen, made by defendant on this writ of error is that the negligence of the city in allowing East Fourth Avenue to be and remain obstructed and in the condition shown in the evidence was only the remote, and not the proximate, cause of the injury; that the intervening efficient cause of the injury was the collision of the truck with the lumber, with which the city had nothing to do. There are two distinct and contrary doctrines followed by cases involving injuries to travelers on highways where there are, as is the case here, concurring causes of the injury. In 22 R.C.L. 198, §81, the rule is stated: "The general rule, which is upheld by a majority of the cases, is that, when two causes combine to injure a traveler on a highway, both of which are in their nature proximate—the one being a culpable defect in the highway and the other some occurrence for which neither is responsible—the municipality is liable, provided that the injury would not have been sustained but for such defect. And this is the rule, although the accident was the primary cause of the injury, if the consequences could, with common prudence and sagacity, have been foreseen and provided against by the municipality." This doctrine is supported in the following cases: *Janes* v. *Tampa,* 52 Fla. 292; *Joliet* v. *Verley,* 35 Ill. 58; *Joliet* v. *Shufeldt,* 144 Ill. 403; *Knouff* v.

*Logansport,* 26 Ind. App. 202; *Walrod* v. *Webster County,* 110 Ia. 349; *Louisville Home Telephone Co.* v. *Gasper,* 123 Ky. 128; *Louisville* v. *Hart,* 143 Ky. 171; *Neidhardt* v. *Minneapolis,* 112 Minn. 149; *Norris* v. *Litchfield,* 35 N. H. 271; *Ring* v. *Cohoes,* 77 N. Y. 83; *Ehrgott* v. *New York,* 96 N. Y. 264; *Gonzales* v. *Galveston,* 84 Tex. 3.

Our statute imposes an absolute liability upon cities for injuries sustained by reason of the failure of the municipal authorities to keep in repair their streets and sidewalks. Code, Ch. 43, § 167; *Chapman* v. *Milton,* 31 W. Va. 384; *Biggs* v. *City of Huntington,* 32 W. Va. 55; *Yeager* v. *City of Bluefield,* 40 W. Va. 484; *Pollock* v. *Wheeling Traction Co.,* 83 W. Va. 768; *Stanton* v. *City of Parkersburg,* 66 W. Va. 393.

Ordinarily, the obstructions in streets, constituting a defect for an injury resulting from which the municipal corporation was liable, include any object upon or near the traveled path which would necessarily obstruct or hinder one in the use thereof for the purpose of travel, or which, from its nature and position, would be likely to produce that result. So, to hold a municipal corporation liable for an injury because of a defect or obstruction in a street, the injury must have resulted from the defect or obstruction. There are four elements necessary to sustain a recovery: An unlawful defect or obstruction, notice thereof, failure to remove, and injury caused by it; and the obstruction must have been the proximate cause of the injury, though it need not have been the sole cause. In other words, the negligence of the municipality, to be the proximate cause of the injury, need not be the last act or cause or nearest act to the injury Thus a city is liable for injuries received by a person observing due care for his safety, as the combined result of an accident and the city's negligence, although the accident is the primary cause of the injury, where the injury would not have occurred but for such negligence, and the consequence of its negligence could, with common prudence and sagacity have been foreseen and provided against by the city. *City of Rock Falls* v. *Wells,* 169 Ill. 224. This doctrine is substantially upheld in this state. *Williams* v. *Coal Company,* 83 W. Va. 466. In

the West Virginia case it was decided that the negligence of the coal company and the county were concurrent and that both were liable. It has been held that a person passing with due care along a street, who, in attempting to avoid the kick of a mule, fell or jumped into an excavation upon the border of the street, which to the knowledge of the city rendered the street dangerous, is entitled to recover from the city for the injury received. *Bassett* v. *St. Joseph,* 53 Mo. 290. Again, where a lumber pile was unlawfully placed in a street and allowed to remain there, and a drayman drove his dray against it, and a child playing upon it was thrown off and injured, if it was negligence upon the part of the city not to have removed the lumber pile from the street, and this failure and the act of the drayman both concurring caused the injury, the city is liable whether the act of the drayman was liable or not. *Gonzales* v. *Galveston,* supra. What was the proximate cause of an injury on a street must be determined from the particular facts of each particular case. *Sheff* v. *City of Huntington,* 16 W. Va. 307; *City of Flora* v. *Pruett,* 81 Ill. App. 161; *Town of New Castle* v. *Grubbs,* 171 Ind. 482.

Applying the foregoing principles to the case here, what have we? The plaintiff was without fault. She was using the public highway at the solicitation of the city. It was the only practical route of walking from the store to her home. It does not clearly appear just how the earth and lumber happened to be stored on and by the street. The evidence, however, is to the effect that it had been there for about three weeks. When compelled to go into the street, as here, the party sustaining the injury is entitled to such damages as may have been the proximate result thereof. *Shafir* v. *Sieben,* (Mo.) 233 S. W. 419. Here the plaintiff was suddenly confronted with two automobiles coming toward her. The entire way was obstructed by them. On the one side was a precipice, so the plaintiff sought refuge on the pile of lumber. This was her only method of escape from being run down and killed. The traveled way was so obstructed that when the rear car attempted to pass the truck at this point it struck the truck. This collision caused the injury to the plaintiff. Had the

lumber and earth not been there, would she have escaped injury? Thus we see whether the earth and lumber in the street constituted an obstruction, whether the collision was the primary cause of the injury, whether the consequences of leaving the earth and lumber in the street could, with common prudence and sagacity, have been foreseen and provided against by the city, are questions of fact for the jury. *Sheff* v. *City of Huntington, supra; City of Rock Falls* v. *Wells, supra.* The instructions were certainly as favorable to the city on these questions as the law warranted. In different instructions given, some at the request of the plaintiff and others at the request of the defendant, the jury were told that the plaintiff could not recover, unless they found from the evidence that the negligence of the defendant in allowing the street at the place of the accident to be and remain obstructed in an unsafe condition was the proximate cause of the injury. The court explained what was proximate cause, as defined in the law applicable to cases of such character, and at defendant's request gave instructions to the effect: (1) That the statute imposing liability upon incorporated cities for injuries to persons on account of the streets being out of repair, does not constitute such city as insurer against accidents; (2) that not every obstruction to the unrestricted use of a street constitutes "being out of repair", or is actionable in damages, but, on the other hand, such use by the public is subject to reasonable and necessary limitations and restrictions; and (3) that although the jury might believe from the evidence that the lumber and earth, or either, as testified to in evidence was in the street at the time and immediately before the accident, in order to find for the plaintiff they must further believe that said lumber and earth, or either, occupied said street in such manner and was in such position as to injure any person passing along said street, and the unoccupied portion thereof, or had been habitually left there by the city or with its knowledge in such manner as to constitute a defect in the street likely to injure a person in making ordinary use of the street. We perceive no error in the refusal by the court of certain other instructions re-

quested by the defendant. We may say that, considered as a whole, it appears to us that the jury was very fully instructed. The jury settled the facts in favor of the plaintiff. We have carefully considered each and every point made by appellant, and given the whole case that attention which its importance demands, and have arrived at the conclusion that the case was fairly tried, and that this court would not be warranted in disturbing the verdict and the judgment thereon.

*Affirmed.*