CLYDE H. SCOTT *v.* HOOSIER ENGINEERING COMPANY
(No. 8341)

Submitted April 14, 1936. Decided April 28, 1936.

*Peyton, Winters & Hereford,* for plaintiff in error.

KENNA, JUDGE:

This action was brought by Clyde H. Scott against the Hoosier Engineering Company before a justice of the peace of Cabell County. From a judgment in favor of the plaintiff for $99.00, the defendant appealed to the Court of Common Pleas of that county where, upon trial before a jury, a judgment was rendered in favor of the plaintiff for $125.00. From that judgment, the defendant applied for a writ of error to the Circuit Court of Cabell County, and from the judgment of that court denying the application, this writ of error is prosecuted.

The accident forming the basis of the plaintiff's claim occurred on what is called the Krauts Creek Road as the plaintiff was returning from a point in Wayne County to the City of Huntington. The accident occurred between twelve noon and one o'clock sometime during Feb-

ruary, 1935. The road was of gravel, the improved portion being about eighteen feet wide and shoulders extending it to about the width of twenty-four feet. It was very icy. Parked on the right side of the road in the direction in which the plaintiff was proceeding was a truck belonging to the defendant. The testimony varies as to the exact position of this truck, but looking upon the evidence most favorably to the plaintiff, it was entirely upon the improved portion of the road. Another truck was parked just beyond that of the defendant with which the plaintiff collided and was facing in the same direction that the plaintiff was proceeding on the right side of the road. With this second truck, we are not, however, concerned. The plaintiff had just crossed a hill or "rise" which apparently had obstructed his vision of the road ahead. From the top of the hill or "rise" there was nothing to prevent his seeing everything on the road. He testifies that he did not see the truck of the defendant until he was within twenty-five or thirty feet of it, and that he did not try to turn out to avoid it until he was within about twenty feet of it. In turning out, or in attempting to do so, plaintiff could not control his automobile on account of the condition of the road, and the slope of the crown toward the outside from the middle. He was travelling at approximately twenty miles an hour, and his car collided with the right front side of the truck, striking the right front side of his own car and damaging his automobile to the extent of $130.00, according to the proof. According to the plaintiff's own admission, he could have seen the truck of the defendant when he was 150 feet away, had he been looking.

No brief is filed for the defendant in error, but recovery apparently was sought on the theory that the conduct of the defendant in having its truck parked on the public highway was in violation of section 2, article 8, chapter 17 of the Code, requiring that all vehicles not in motion be placed with their sides as near the right-hand side of the highway as practicable. As to whether the act of the defendant actually violated this section or not, we are, in the light of the verdict

of the jury, not concerned. In the state of the record before us, it must be conceded for the purposes of this writ of error that the conduct of the defendant was in fact a violation of the statute. But even with this conceded, the plaintiff, of course, could not recover unless the evidence showed that the act of the defendant in violating the statute was the proximate cause of the damage. *Ambrose* v. *Young*, 100 W. Va. 452, 130 S. E. 810. Certainly the fact that the truck was on the wrong side of the road, or rather that it was headed in the wrong direction, had, under the circumstances shown, no direct bearing upon the cause of the accident. Neither can we see upon what theory it can be said that the fact that the truck was parked upon the public highway in violation of the statute was the proximate cause of the accident. Plaintiff was proceeding upon a very slippery road, it is true. He had chains on the back wheels of his car. He was proceeding cautiously, his own testimony being to the effect that he was running about twenty miles an hour. He states that he did not see the truck until he was within thirty feet of it. He states at the same time that he could have seen it for 150 feet away had he been looking. He had just passed over a hill which had obstructed his view of the highway beyond. The view was unobstructed from the top of the hill to the point where the defendant's truck was parked, according to the plaintiff, a distance of one hundred fifty feet. Under these circumstances, it was plainly the duty of the plaintiff to have paid some attention to his view of the road after he passed over the hill, and, certainly, at some time before he was within thirty feet of the defendant's truck. Apparently, he was paying little or no heed to what was before him. There was no other traffic on the road and nothing to prevent plaintiff from passing around defendant's truck without difficulty. It is true that the road was slippery, but the plaintiff was fully aware of that fact and had taken precautions against it, both in the matter of having chains upon his car and in the speed at which he was driving. To drive within thirty feet of a parked truck,

under the circumstances of this case, without looking at the road in front, we think, without doubt, convicts the plaintiff or being guilty of negligence as a matter of law. That negligence, having appreciably followed that of the defendant in point of time, was the independent efficient, or proximate, cause of the damage to the plaintiff's car. It was a happening distinctly intervening between the negligence of the defendant and the accident, without which the accident would not have happened. This fact prevents the act of the defendant from being the proximate cause of the damage to the plaintiff. *Geisen* v. *Luce,* 185 Minn. 479, 242 N. W. 8; *Island Express, Inc.* v. *Frederick,* 5 W. W. Harr. (Del.) 569, 171 Atl. 181; *Johnson* v. *Mallory,* 123 Neb. 706, 243 N. W. 872. This being so, the trial court erred in permitting the case to go to the jury, and the judgments of the Circuit Court and of the Common Pleas Court of Cabell County are therefore reversed, the verdict of the jury set aside, and the defendant awarded a new trial.

*Reversed and remanded.*