ANNA PORTER BURDICK

*v.*

CITY OF HUNTINGTON

(No. 10158)

Submitted January 17, 1950.  Decided February 28, 1950.

*H. L. Ducker,* for plaintiff in error.

*J. J. N. Quinlan, E. Garland Ray,* for defendant in error.

LOVINS, PRESIDENT:

In this action of trespass on the case, instituted in the Circuit Court of Cabell County, the jury returned a ver-

dict for plaintiff, Anna Porter Burdick, and against the defendant, the City of Huntington, in the amount of five thousand dollars. Judgment was rendered on the verdict, and, on petition of defendant, this Court granted a writ of error.

The injury on which the action was based resulted from the alleged failure of defendant to keep in repair a public sidewalk located on the south side of Fifth Avenue, between Ninth and Tenth Streets in the City of Huntington.

There is no conflict in the evidence that the sidewalk, at the place where the accident occurred, consisted of adjoining concrete blocks, the size of which is not shown. One of the blocks had "broken" away from an adjoining block, so as to be depressed approximately two inches at the point of joinder. There was a hole along the line of depression, and near the center of the sidewalk, variously estimated by witnesses to have been five to eight inches, or more, in length, approximately two inches in width in the middle, and from one and a half to three inches in depth. The width of the hole at the middle was greater than at the ends thereof.

While plaintiff was walking along the sidewalk about 8:40 a. m., on May 12, 1947, she tripped in the hole and fell, as a result of which she suffered a fracture of her hip joint. Plaintiff was wearing shoes equipped with "medium" heels. She admits that she did not see the hole prior to falling, and states that she must have been looking in another direction at the time she fell. Plaintiff also testified that she had walked along the sidewalk at the place of her fall on different occasions before her injury, and that there was nothing to conceal the hole from pedestrians using the sidewalk. However, after she fell, she realized she had stepped in the hole, which caused her fall.

There is no showing in the record as to the exact manner in which she fell, although the testimony of others corroborates plaintiff as to the existence of the hole in the sidewalk.

Some testimony was admitted which tended to show that there were other holes in the sidewalk in the immediate vicinity of the hole where plaintiff fell, but the size, location and number of such holes are not shown. There is also testimony indicating that the edges of the holes in the sidewalk, as well as the line of depression above described, were "jagged".

At the conclusion of plaintiff's evidence defendant and plaintiff each moved for directed verdicts, which motions were overruled. Thereupon defendant, having no evidence to present in its behalf, offered nine instructions, six of which were given including those which fully instructed the jury regarding the risk assumed by plaintiff in using the sidewalk, if the dangers therein were patent.

Defendant's instruction No. 2, which was refused for the reason that it was covered by defendant's instruction No. 3, which was given, would have told the jury that if they believed from the evidence that plaintiff and defendant were guilty of concurrent negligence producing the injury, the verdict should be for the defendant. By defendant's instruction No. 3 the jury were instructed that if they believed plaintiff and defendant were guilty of concurrent negligence, which caused the injury, there could be no apportionment of the joint fault, and the jury should find for the defendant.

Defendant's instructions Nos. 5 and 7 were refused for the reason that said instructions were covered by defendant's instruction No. 4, which was given. Defendant's instruction No. 5 would have instructed the jury that if the plaintiff was guilty of negligence, which proximately caused or contributed to her injury in any way, the jury should return a verdict for the defendant. Defendant's instruction No. 7 would have told the jury that if they believed from the evidence that plaintiff failed to exercise such ordinary care and caution in the circumstances, which failure contributed to her injury, they should find for the defendant. Instruction No. 4 instructed the jury that if they believed plaintiff did not exercise ordinary care and

caution in travelling over the street, and that such lack of care and caution proximately caused or contributed to the accident, then the jury should find for the defendant.

The assignments of error made herein present the following questions: (1) Is the evidence sufficient to sustain the verdict; (2) does the evidence show that plaintiff was guilty of lack of care and caution as a matter of law; (3) was it error to admit evidence showing holes in the sidewalk other than the one alleged to have caused plaintiff's injury; and (4) was it error to refuse the three instructions above mentioned.

This action is based on Section 17, Article X, Chapter 40, Acts of the Legislature, First Extraordinary Session, 1933, reading in part as follows: "Any person who sustains an injury to his person * * * by reason of any * * * sidewalk * * * in any incorporated city, town or village, being out of repair may recover all damages sustained by him by reason of such injury, in an action against the * * * city, town or village in which such * * * sidewalk * * * may be, except that such city * * * shall not be subject to such action unless it is required by its charter to keep the * * * sidewalk * * * at the place where such injury is sustained, in repair."

The portions of the statute quoted above are substantially the same as statutes which have been effective in this jurisdiction since the enactment of Section 60, Chapter 194, Acts of the Legislature, 1872-73. No question is raised as to the applicability of the statute. We therefore treat the statute as applicable without further discussion.

The liability of the defendant for injuries caused by a sidewalk being out of repair is absolute. *Chapman* v. *Milton,* 31 W. Va. 384, 7 S. E. 22; *Gibson* v. *City of Huntington,* 38 W. Va. 177, 18 S. E. 447. But the word "absolute" is used in a restricted sense, and its meaning explained in the following language: "It is meant that, when the basis or cause of the liability exists, that liability is absolute in the sense that no want of notice or other excuse for the

defect in the street will exonerate the town. But this idea of absoluteness does not refer at all to the cause of liability, but only to the liability when it exists. It does not mean that the state of the street must be perfect. Before imposing this absolute liability, we must determine whether the street is out of repair in the sense of the statute." *Yeager* v. *City of Bluefield,* 40 W. Va. 484, 487, 21 S. E. 752.

If there is no conflict in the evidence as to the existence and extent of a defect in a public sidewalk, it becomes a question of law whether such sidewalk is in a reasonably safe condition for travel within the meaning of the statute. *Taylor* v. *Huntington,* 126 W. Va. 732, 30 S. E. 2d 14. See *Roth* v. *Moundsville,* 118 W. Va. 283, 190 S. E. 332. The standard of safety as defined by this Court is: "It is sufficient if the streets are in a reasonably safe condition for travel in the ordinary modes, with ordinary care, by day or night; and whether so or not is a practical question to be determined in each case by the particular circumstances." *Yeager* v. *City of Bluefield, supra.* See *Parrish* v. *City of Huntington,* 57 W. Va. 286, 50 S. E. 416; *Johnson* v. *City of Huntington,* 82 W. Va. 458, 95 S. E. 1044; *Patton* v. *Grafton,* 116 W. Va. 311, 180 S. E. 267; *Rich* v. *Rosenshine,* 131 W. Va. 30, 45 S. E. 2d 499.

Applying the principles laid down in the above-cited cases, we are of opinion that this record discloses that the sidewalk at the place where plaintiff was injured did not meet the standard of safety required, and we hold that, as a matter of law, the sidewalk was out of repair.

But whether the state of repair of the sidewalk was the proximate cause of plaintiff's injury and the amount of damages sustained by her are questions to be determined by the jury upon proper instructions. *Roth* v. *Moundsville, supra.* We think that the evidence of plaintiff relative to those questions so submitted to the jury is sufficient to sustain the verdict. This conclusion is consonant with the decision of this Court in *Smith* v. *City of Bluefield,* 132 W. Va. 38, 55 S. E. 2d 392, wherein a verdict and judgment in favor of plaintiff were upheld by this Court. True, they

were upheld by a divided Court in that case, but the facts in the instant case are not analogous to those in the *Smith* case. In addition to the depression in the sidewalk in the instant case there is a hole of considerable size in the sidewalk itself, in which plaintiff tripped and was thereby caused to fall. In the *Smith* case plaintiff was confronted with only a depression in the sidewalk, which caused her heel to turn, resulting in her injury.

Defendant in the instant case contends that plaintiff did not exercise proper care and caution, and that her injury resulted from such failure. Plaintiff had a right to assume that the sidewalk was reasonably safe for ordinary travel, and she was not required to keep her eyes continuously on the sidewalk. She was only required to use the degree of care exercised by ordinary prudent persons in similar circumstances. *Smith* v. *City of Bluefield, supra.* Such is the general rule. 25 Am. Jur., Highways, Section 466. Moreover, it is a jury question whether plaintiff in the instant case knew that the sidewalk was dangerous. *Boyland* v. *City of Parkersburg,* 78 W. Va. 749, 90 S. E. 347. This record presents a state of facts wherein reasonable persons may draw different inferences whether plaintiff was acting as an ordinarily prudent person. We, therefore, hold that the record does not show that plaintiff failed to exercise reasonable care and caution, as a matter of law, and that such question was properly determinable by a jury.

We have painstakingly examined the record with reference to the testimony tending to show the existence of holes in the sidewalk other than that which caused plaintiff's fall, and we perceive no error in admitting such testimony. The testimony with reference to the existence of other holes is so slight and indefinite that the admission thereof is not prejudicial. Moreover, such testimony would bear on the state of repair of the sidewalk in the vicinity of the place where plaintiff suffered her injury, and, as noted above, where such evidence is not disputed, it becomes a question of law. We therefore see no prejudice in the admission of that testimony.

We now come to a discussion of the refusal to give the defendant's three instructions. A comparison of defendant's instruction No. 3 with defendant's instruction No. 2 shows that the instruction refused was fully covered by the instruction given. In addition defendant's instruction No. 2, as well as its instruction No. 3, improperly presented for the consideration of the jury the concurrent negligence of defendant and plaintiff. The failure of the defendant, in the state of this record, to keep the street in repair was not an issue of fact.

Defendant's instructions Nos. 5 and 7, refused, indirectly referred to plaintiff's contributory negligence. We do not think that the acts and conduct of plaintiff is properly designated in the instruction as contributory negligence. The correct designation of plaintiff's action, if any, which caused her injury is negligence on her part, or failure to exercise the reasonable care and caution required of a prudent person. Therefore, the indirect reference made in defendant's instructions Nos. 5 and 7 to plaintiff's contributory negligence is not accurate. But passing that question, we think the matters contained in defendant's instructions Nos. 5 and 7 were adequately covered by defendant's instruction No. 4. It is not error to refuse to give to a jury an instruction, the substance of which is covered by another instruction. *Gilmore* v. *Montgomery Ward & Co.*, 133 W. Va. 342, 56 S. E. 2d 105; *O'Flaherty* v. *Tarrou*, 130 W. Va. 326, 43 S. E. 2d 392; *Adams* v. *G. C. Murphy Co.*, 115 W. Va. 122, 174 S. E. 794. Defendant's instructions Nos. 2, 5 and 7 were properly refused.

No prejudicial error being shown by this record, the judgment of the Circuit Court of Cabell County is affirmed.

*Affirmed.*