117 S.E.2d 513 (1960)
Madalyn J. COSTELLO, P. E.
v.
CITY OF WHEELING, etc. et al.
No. 11088.
Supreme Court of Appeals of West Virginia.
Submitted May 3, 1960.
Decided July 12, 1960.
Dissenting Opinion September 9, 1960.
*514 Goodwin, Spillers & Mead, Wheeling, for plaintiff in error.
Jeremy C. McCamic, George G. Bailey, Handlan, Garden, Matthews & Hess, Lester C. Hess, Schmidt, Laas & Schrader, Thomas B. Miller, Wheeling, for defendants in error.
BROWNING, President.
In this action of trespass on the case, plaintiff, Madalyn Costello, seeks to recover for personal injuries sustained when she fell on a sidewalk abutting Market Street in the City of Wheeling, West Virginia. The defendants are the City of Wheeling, The First National Bank & Trust Company, as Trustee for the beneficial owners of the McLain Building in front of which the fall occurred, and Simon Penn and Lillian Penn, doing business as Penn Jewelers, the lessee of a ground floor storeroom of the McLain Building, in front of whose shop the fall occurred. The concrete sidewalk at the point of the accident was approximately 12' in width and runs in a general north-south direction, ascending to the south, the rate of ascent not being shown by the record. In 1948, Penn Jewelers, hereinafter referred to as Penn, in the course of the construction of a new store front, had caused a portion of this sidewalk to be paved with a material commonly known as terrazzo. The terrazzo surface extends onto the sidewalk, and even with the concrete portion thereof, a distance of approximately three and one-third feet near the northern property line of the building and narrows down to a distance of one and one-half feet near the southern property line. The slope of the terrazzo and concrete from the building to the curb varies from 5/8ths inch per foot on the north to ¾ths inch per foot on the south. The terrazzo and slope constitute violations of a city ordinance prescribing the materials and maximum degree *515 of slope for construction of sidewalks within the City of Wheeling. Two witnesses testified as to the slipperiness of the terrazzo surface in comparison with the remainder of the sidewalk. Sidney Smith, an engineer and the person who made the above mentioned measurements, testified that he had performed tests on the terrazzo and concrete, and that the results showed the terrazzo to be more slippery, both dry and wet, than the adjoining concrete. John Pascoli, the subcontractor who had laid the terrazzo, testified that the composition used in doing the work was two parts marble chips to one part cement. The part containing the marble chips also contained 20% alundum, an abrasive resembling carborundum, the addition of which is to prevent slipping. Pascoli also testified that when finished, the terrazzo and the concrete generated almost the same amount of frictional resistance and that the terrazzo would become more resistant with age and wear; that, additional precautions, such as protecting the terrazzo with an awning or by sprinkling with sand in wet weather, would depend upon the grade of the sidewalk; and that, when terrazzo was used in the construction of steps, the alundum or abrasive content was increased to 40%. Charles Bell, Jr., testified that he was an employee of Penn; that sand was kept for use on the terrazzo in wet weather; and that he had applied sand to the terrazzo a short time previous to plaintiff's fall. He also testified that he had assisted plaintiff following her fall, that she was lying on the sidewalk near the northern property line, her feet and part of her body being partially on the terrazzo with the rest of her body on the concrete portion of the sidewalk, and that, while he had not taken particular note, it appeared at that time that most of the sand had been washed away. Plaintiff testified that she had been shopping; that it was raining very hard; and, as she was proceeding south on Market Street "* * * on the walk in front of the Penn Jewelers on the terrazzo as you call it", her feet slipped out from under her and she fell. On cross-examination, she was asked these questions and gave these answers:
"Q. * * * Now, how come you remember it was on the terrazzo part you say you fell? A. Because it was very slippery on the spot where I fell and it was close to the doorway.
"Q. It was very slippery on the part where you fell and that is the reason you say it must have been on the terrazzo, is that correct? A. Yes, sir.
"Q. You can't say as a definite matter where you did fall? A. On the terrazzo, yes, sir." As a result of her fall, plaintiff sustained injuries which later required an operation for removal of the coccyx.
At the conclusion of the testimony in behalf of the plaintiff, the court sustained a motion in behalf of the defendants, and directed a verdict against the plaintiff, and in favor of all of the defendants. A motion to set aside such verdict was overruled and judgment was entered thereon, all of which actions are assigned as error in this Court.
Under the provisions of Code, 17-10-17, a municipal corporation has an absolute liability for an injury resulting from its streets, sidewalks and alleys being out of repair, if required by its charter to keep them in repair, even though such municipal corporation had no notice of such fact at the time of the injury resulting from such condition. Therefore, assuming such provision is in the charter of the City of Wheeling, it is only necessary for this Court to determine upon this writ whether the trial court, from the evidence adduced by the plaintiff, committed error in finding as a matter of law that the sidewalk in question was not out of repair within the meaning of the statute. There have been several such cases decided by this Court and they are collected and commented upon in the opinion of the recent case of Burcham v. City of Mullens, etc., 139 W.Va. 399, 83 S.E. 2d 505. This Court has consistently held that for a public sidewalk to be out of repair within the meaning of that section, it must *516 be in a condition which renders it dangerous to persons using it with ordinary care by day or by night. But every defect in a city street or sidewalk which causes an injury is not actionable under this statute. Waggener v. Town of Point Pleasant, 42 W.Va. 798, 26 S.E. 352; Yeager v. City of Bluefield, 40 W.Va. 484, 21 S.E. 752. As was stated in the 4th point of the Syllabus of the Yeager case, the question is a practical one to be determined in each case by its particular circumstances: "A municipal corporation is not an insurer against accidents upon streets and sidewalks. Nor is every defect therein, though it may cause the injury sued for, actionable. It is sufficient if the streets are in a reasonably safe condition for travel in the ordinary modes, with ordinary care, by day or night; and whether so or not is a practical question to be determined in each case by its particular circumstances." Such a rule is of little comfort to the bench and bar, but the words used in the statute, "out of repair", are such that no more specific principle can be laid down. Cases in which a street, sidewalk or alley has been held to be "out of repair", and the condition thereof, are: Burcham v. City of Mullens, 139 W.Va. 399, 83 S.E. 2d 505 (board sidewalk which sagged or tilted when stepped upon); Burdick v. City of Huntington, 133 W.Va. 724, 57 S.E.2d 885 (hole in sidewalk, five to eight inches long, two inches wide, and one and one-half to three inches deep); Rich v. Rosenshine, 131 W.Va. 30, 45 S.E.2d 499 (snow and ice piled in ridges and depressions on sidewalk); Taylor v. City of Huntington, 126 W.Va. 732, 30 S.E.2d 14 (driveway elevated three inches above surrounding terrain); Williams v. Main Island Creek Coal Co., 83 W.Va. 464, 98 S.E. 511 (projection of scaffold three feet into roadway). No attempt has been made to cite all of the cases dealing with this question nor to relate all of the conditions, defects or obstructions which have been held to come within, or without, the meaning of the words "out of repair". In the instant case, the evidence most favorable to the plaintiff shows only that the terrazzo was more slippery than the adjacent concrete. It does not necessarily result therefrom that it was dangerous to walk upon, "with ordinary care by day or night." This Court finds no error in the action of the trial court in directing the jury to return a verdict for the City of Wheeling.
Upon this finding, that the sidewalk was not "out of repair", we affirm also the action of the trial court in directing the jury to return a verdict for the defendant, the First National Bank and Trust Company, a corporation, Trustee, etc., the owner of the building, inasmuch as there was therefore no violation of any duty imposed by ordinance upon this defendant, or any evidence as to any other act of negligence.
The trial court twice heard arguments and considered briefs by counsel upon the question of the liability of the tenant, Penn, and wrote two informative memoranda opinions on the question. The cases from other jurisdictions involving actions for damages by persons injured from falls on terrazzo surfaces are in conflict. However, to place so many in one category and so many in another would not be quite accurate, for the facts must be carefully looked to in each case in ascertaining the reason for the decision of the Court. Without further comment some of those cases are here cited: Charles v. Commonwealth Motors, 195 Va. 576, 79 S.E.2d 594; De Weese v. J. C. Penney Co., 5 Utah 2d 116, 297 P.2d 898, 65 A.L.R.2d 399; Erickson v. Walgreen Drug Co., 120 Utah 31, 232 P.2d 210, 31 A.L.R.2d 177; Grant Co. v. Karren, 10 Cir., 190 F.2d 710; Vogrin v. Forum Cafeterias, Mo., 308 S.W.2d 617; Cardall v. Shartenberg's, Inc., 69 R.I. 97, 31 A.2d 12; Brody v. Albert Lifson & Sons, 17 N.J. 383, 111 A.2d 504; Fletcher v. North Mehornay Furniture Co., 359 Mo. 607, 222 S.W.2d 789; Schmoll v. National Shirt Shops, 354 Mo. 1164, 193 S.W.2d 605; Parks v. Montgomery Ward & Co., 10 Cir., 198 F.2d 772; Fanelty v. Rogers Jewelers, Inc., 230 N.C. 694, 55 S.E.2d 493; Mullen v. Sensenbrenner Mercantile Co., Mo., 260 S.W. 982, 33 A.L. R. 176; Guercio v. New York Lerner Co., *517 Inc., Sup., 63 N.Y.S.2d 664; 65 A.L.R.2d 428, et seq.
In Spears v. Goldberg, 122 W.Va. 514, 11 S.E.2d 532, 533, 12 S.E.2d 513, the plaintiff instituted a personal injury action for injuries received in a fall on a terrazzo incline at or near the entrance to the defendant's store. In her declaration, the plaintiff did not allege negligence, but alleged that: "the terrazzo entrance ways were `highly polished, and extremely slippery when wet,' and in rainy or damp weather constituted a nuisance." The trial court directed a verdict for the defendant, but the judgment was reversed by this Court upon the ground that the plaintiff's evidence was sufficient to present an issue of fact to the jury for its determination. In the dissenting opinion by Judge Kenna, he said: "* * * It may be that here a recovery on the basis of negligence on the part of the tenant in not exercising due care to provide a reasonably safe entrance in wet weather for invitees who were its prospective customers would be justified if pleaded. * * *." In the majority opinion, the testimony of a civil engineer to the effect that terrazzo, when properly constructed with sufficient abrasive, is not slippery when wet was noted, and the Court observed that from this testimony "and from other evidence" the jury would have been justified in finding that the terrazzo when wet was slippery because of an inherent defect in construction.
In this jurisdiction, violation of a statute or ordinance is prima facie evidence of negligence. Barniak v. Grossman, 141 W. Va. 760, 93 S.E.2d 49; Morris v. City of Wheeling, 140 W.Va. 78, 82 S.E.2d 536; Moore v. Skyline Cab, Inc., 134 W.Va. 121, 59 S.E.2d 437; Scott v. Hoosier Engineering Co., 117 W.Va. 395, 185 S.E. 553. Of course, it is true that the violation of such an ordinance or statute must be the proximate cause of an injury. But primary negligence, contributory negligence and proximate cause are questions for jury determination unless there is no evidence upon which to found a verdict for a plaintiff, or conflicting evidence clearly preponderates in favor of the defendant. There was evidence in this case from which the jury could have found that Penn violated two city ordinances in laying the terrazzo onto the concrete sidewalk in front of its entrance. There was evidence from which the jury could have found that terrazzo is more slippery than concrete especially when wet. The sanding of the terrazzo by an employee of Penn is evidence of its knowledge of that fact. It was for the jury to decide whether Penn was negligent and whether its negligence was the proximate cause of plaintiff's injury. The 1st point of the Syllabus of Fielder, Adm'x v. Service Cab Company, 122 W.Va. 522, 11 S.E.2d 115, states the rule well and has been quoted often: "Before directing a verdict in a defendant's favor, every reasonable and legitimate inference favorable to the plaintiff fairly arising from the evidence, considered as a whole, should be entertained by the trial court, and those facts should be assumed as true which the jury may properly find under the evidence."
For the reasons herein stated, the judgment of the Circuit Court of Ohio County upon the directed jury verdict for the defendants, City of Wheeling and the First National Bank and Trust Company, a corporation, Trustee, etc., is affirmed; the judgment upon the jury verdict for the defendant, Penn is reversed; and the case is remanded for a new trial.
Affirmed in part; reversed in part; and remanded.
HAYMOND, Judge (dissenting).
Though I concur in the decision of the majority in affirming the judgment of the circuit court for the defendants, the City of Wheeling and The First National Bank and Trust Company, Trustee, upon the directed verdict in favor of all the defendants, I emphatically disagree with its action in reversing the judgment of the circuit court for the defendants, Simon Penn and Lillian Penn, upon the directed verdict *518 in their favor, in setting aside that verdict and in remanding the case to that court for a new trial as to those defendants. As in my opinion the judgment of the circuit court in favor of all the defendants was in all respects correct and proper, I dissent from the decision of the majority with respect to its reversal of the judgment in favor of the defendants Simon Penn and Lillian Penn, for the reason that if, upon the facts established by the evidence, the City of Wheeling is not liable, the Penns are likewise not liable, for the personal injury sustained by the plaintiff, Madalyn J. Costello, resulting from her fall upon the sidewalk which though originally constructed by the Penns was, at the time of her injury, under the control of the city.
As pointed out in the majority opinion a municipal corporation, by virtue of Section 17, Article 10, Chapter 17, Code, 1931, as amended, is subject to absolute liability to any person for injury to his person or his property caused by any of its streets, sidewalks or alleys being out of repair if it is required by its charter to keep such streets, sidewalks or alleys in repair. That section contains these provisions: "Any person who sustains an injury to his person or property by reason of any road or bridge under the control of the county court or any street or sidewalk or alley in any incorporated city, town or village, being out of repair may recover all damages sustained by him by reason of such injury, in an action against the county court, city, town or village in which such road, bridge, street, sidewalk or alley may be, except that such city, town or village shall not be subject to such action unless it is required by its charter to keep the road, bridge, street, sidewalk or alley therein, at the place where such injury is sustained, in repair. If it is not so required, the action and remedy shall be against the county court."
Under the foregoing statute this Court, in numerous cases, has held that the duty of the city to maintain its streets, sidewalks and alleys in suitable repair for travel in the ordinary mode by day and by night is an absolute duty, and that in order to justify a recovery it is not necessary to establish either notice of the defect or negligence on the part of the city. Roth v. City of Moundsville, 118 W.Va. 283, 190 S.E. 332; Morris v. The City of Wheeling, 140 W. Va. 78, 82 S.E.2d 536; Burcham v. City of Mullens, 139 W.Va. 399, 83 S.E.2d 505; Rich v. Rosenshine, 131 W.Va. 30, 45 S.E. 2d 499; Burdick v. City of Huntington, 133 W.Va. 724, 57 S.E.2d 885; Hayes v. The Town of Cedar Grove, 128 W.Va. 590, 37 S.E.2d 450; Taylor v. City of Huntington, 126 W.Va. 732, 30 S.E.2d 14; Thompson v. City of Charleston, 118 W.Va. 391, 191 S.E. 547; Patton v. City of Grafton, 116 W.Va. 311, 180 S.E. 267; Blankenship v. The City of Williamson, 101 W.Va. 199, 132 S.E. 492; Carder v. City of Clarksburg, 100 W.Va. 605, 131 S.E. 349; Williams v. Main Island Creek Coal Company, 83 W. Va. 464, 98 S.E. 511; Johnson v. City of Huntington, 82 W.Va. 458, 95 S.E. 1044; Boyland v. City of Parkersburg, 78 W.Va. 749, 90 S.E. 347; Stanton v. The City of Parkersburg, 66 W.Va. 393, 66 S.E. 514; Campbell v. City of Elkins, 58 W.Va. 308, 52 S.E. 220, 2 L.R.A.,N.S., 159; Parrish v. City of Huntington, 57 W.Va. 286, 50 S.E. 416; Arthur v. The City of Charleston, 51 W.Va. 132, 41 S.E. 171; Waggener v. Town of Point Pleasant, 42 W.Va. 798, 26 S.E. 352; Yeager v. City of Bluefield, 40 W.Va. 484, 21 S.E. 752; Gibson v. City of Huntington, 38 W.Va. 177, 18 S.E. 447, 22 L.R.A. 561, 45 Am.St.Rep. 853; Chapman v. Milton, 31 W.Va. 384, 7 S.E. 22; Wilson v. City of Wheeling, 19 W.Va. 323, 42 Am. Rep. 780; Sheff v. The City of Huntington, 16 W.Va. 307. Many of the cases just cited hold that a public street or a public sidewalk, to be out of repair within the meaning of the statute, must be in a condition which renders it dangerous to persons using it with ordinary care and in the usual modes of travel by day or by night.
This Court has likewise said that a municipality is not an insurer against accidents upon streets and sidewalks and that every *519 defect in such streets or sidewalks, though it may cause the injury for which a recovery is sought, is not actionable. Thompson v. City of Charleston, 118 W.Va. 391, 191 S.E. 547; Holsberry v. City of Elkins, 86 W.Va. 487, 103 S.E. 271; Parrish v. City of Huntington, 57 W.Va. 286, 50 S.E. 416; Waggener v. Town of Point Pleasant, 42 W.Va. 798, 26 S.E. 352; Van Pelt v. Town of Clarksburg, 42 W.Va. 218, 24 S.E. 878; Yeager v. City of Bluefield, 40 W.Va. 484, 21 S.E. 752; Wilson v. City of Wheeling, 19 W.Va. 323, 42 Am.Rep. 780. See also Morris v. The City of Wheeling, 140 W.Va. 78, 82 S.E.2d 536; Burcham v. City of Mullens, 139 W.Va. 399, 83 S.E.2d 505; Smith v. The City of Bluefield, 132 W.Va. 38, 55 S.E.2d 392.
Though the statute imposes absolute liability upon a municipality for an injury sustained by reason of its failure to keep its streets or sidewalks in repair, a municipality is likewise liable for an injury, received by a person observing due care for his safety, as the combined result of an accident and the negligence of the city, although the accident is the primary cause of the injury, where the injury would not have occurred but for such negligence, and the consequences of its negligence could, with common prudence and sagacity, have been foreseen and provided against by the city. Blankenship v. The City of Williamson, 101 W.Va. 199, 132 S.E. 492. See also Williams v. Main Island Creek Coal Company, 83 W.Va. 464, 98 S.E. 511; Rohrbough v. Barbour County Court, 39 W.Va. 472, 20 S.E. 565, 45 Am.St.Rep. 925.
By its directed verdict on which it entered judgment in favor of the City of Wheeling, which this Court has affirmed, the circuit court necessarily found that the sidewalk was not out of repair and that the city, in maintaining it in the condition when the injury occurred, was not guilty of negligence which was the proximate cause of the injury sustained by the plaintiff. If the sidewalk, though originally constructed by the Penns, was not out of repair while under the control of the city, and the city was not guilty of negligence in maintaining it in the condition in which it was when the plaintiff slipped, fell and was injured, it necessarily follows that the Penns, by permitting the sidewalk to remain in the same condition, could not be guilty of actionable negligence. Though the Penns, in causing a portion of the sidewalk to be constructed of terrazzo without the prior approval of the city engineer violated the ordinances of the city, they were not prima facie guilty of negligence unless such violation was the proximate cause of the injury. Under the evidence in this case the city, in controlling and maintaining the sidewalk in its condition when the plaintiff was injured, has correctly been held by the circuit court and by this Court to be not guilty of negligence which was the proximate cause of the injury sustained by the plaintiff; and since the construction of the sidewalk in violation of the ordinances and its maintenance by the Penns did not render the sidewalk unsafe, dangerous or out of repair or constitute negligence upon the part of the city which was the proximate cause of the injury to the plaintiff, the construction of the sidewalk by the Penns and their use and maintenance of the sidewalk, in the same condition as it was while controlled and maintained without negligence by the city, likewise, as a matter of law, were not the proximate cause of the injury to the plaintiff and did not, under the evidence, constitute actionable negligence upon the part of the Penns. In other words, if the control and maintenance of the sidewalk by the city were not the proximate cause of the injury to the plaintiff and did not constitute actionable negligence upon the part of the city, the construction of the sidewalk in violation of the ordinances and the use and maintenance of the sidewalk by the Penns in exactly the same condition were likewise not the proximate cause of the injury and did not constitute actionable negligence upon the part of the Penns. If, as the circuit court has held, and its holding has been affirmed by this Court, that as a matter of law the city was not guilty of negligence which was the proximate cause of the injury, it necessarily *520 follows that, upon the same facts, the Penns, as a matter of law, were likewise not guilty of negligence which was the proximate cause of such injury.
The rule is well established by the decisions of this Court, as stated in the majority opinion, that the violation of a statute or an ordinance is prima facie negligence when it is the proximate cause of an injury. Barniak v. Grossman, 141 W.Va. 760, 93 S.E.2d 49; Morris v. The City of Wheeling, 140 W.Va. 78, 82 S.E.2d 536; Moore v. Skyline Cab, Inc., 134 W.Va. 121, 59 S.E. 2d 437; Rich v. Rosenshine, 131 W.Va. 30, 45 S.E.2d 499; Skaff v. Dodd, 130 W.Va. 540, 44 S.E.2d 621; Scott v. Hoosier Engineering Company, 117 W.Va. 395, 185 S.E. 553; Oldfield v. Woodall, 113 W.Va. 35, 166 S.E. 691; Tarr v. Keller Lumber and Construction Company, 106 W.Va. 99, 144 S.E. 881, 60 A.L.R. 570; Bobbs v. Morgantown Press Company, 89 W.Va. 206, 108 S.E. 879; Mangus v. Proctor-Eagle Coal Company, 87 W.Va. 718, 105 S.E. 909; Norman v. Virginia-Pocahontas Coal Company, 68 W.Va. 405, 69 S.E. 857, 31 L.R.A., N.S., 504. As the construction of the sidewalk, however, according to the undisputed evidence, was not the proximate cause of the injury to the plaintiff, the question of negligence of the Penns in violating the ordinances was a question of law for the court and not a question of fact for the jury, and the circuit court was correct in not submitting that issue to the jury.
When the evidence is conflicting on the question of proximate cause that question is a question of fact for jury determination. Point 2, syllabus, Burcham v. City of Mullens, 139 W.Va. 399, 83 S.E.2d 505. But when, as here, the material facts are not in dispute and reasonable men can draw only one conclusion from them the question of negligence is a question of law for the court. Workman v. Wynne, 142 W.Va. 135, 94 S.E.2d 665; Hartley v. Crede, 140 W.Va. 133, 82 S.E.2d 672; Matthews v. Cumberland and Allegheny Gas Company, 138 W. Va. 639, 77 S.E.2d 180; Holiman v. The Baltimore and Ohio Railroad Company, 137 W.Va. 874, 74 S.E.2d 767; Daugherty v. Baltimore and Ohio Railroad Company, 135 W.Va. 688, 64 S.E.2d 231; Cooper v. Pritchard Motor Company, 128 W.Va. 312, 36 S.E.2d 405; Wood v. Shrewsbury, 117 W. Va. 569, 186 S.E. 294; Barron v. Baltimore and Ohio Railroad Company, 116 W.Va. 21, 178 S.E. 277; Linville v. Chesapeake and Ohio Railroad Company, 115 W.Va. 610, 177 S.E. 538; Craft v. Fordson Coal Company, 114 W.Va. 295, 171 S.E. 886; Krodel v. Baltimore and Ohio Railroad Company, 99 W.Va. 374, 128 S.E. 824; Daniels v. Chesapeake and Ohio Railway Company, 94 W. Va. 56, 117 S.E. 695; Donald v. Long Branch Coal Company, 86 W.Va. 249, 103 S.E. 55; Reilly v. Nicoll, 72 W.Va. 189, 77 S.E. 897, 47 L.R.A.,N.S., 1199; Ketterman v. Dry Fork Railroad Company, 48 W.Va. 606, 37 S.E. 683; Klinkler v. Wheeling Steel and Iron Company, 43 W.Va. 219, 27 S.E. 237; Raines v. Chesapeake and Ohio Railway Company, 39 W.Va. 50, 19 S.E. 565, 24 L.R.A. 226. See also Silverthorn v. City of Chester, 106 W.Va. 613, 146 S.E. 614. In the syllabus in the Silverthorn case this Court held that "Whether or not a public road or street is out of repair, should be decided by the court where the facts are undisputed and are such as would reasonably support only one of the two theories." If the question of proximate cause, in determining whether the defendants, the City of Wheeling and The First National Bank and Trust Company, Trustee, under the evidence, were guilty of negligence, was a question of law for the court, as the majority, by affirming the judgment of the circuit court as to those defendants, holds that it was, it necessarily follows, upon the same evidence, that the question of proximate cause as an essential element of negligence upon the part of the defendants, Simon Penn and Lillian Penn, was likewise a question of law for the court. On the question whether the Penns were guilty of negligence which was the proximate cause of the injury the evidence bearing upon that issue was not disputed and from it reasonable men could draw but one conclusion; and for that reason the rule of the cases just cited governs *521 and the action of the circuit court in applying it and in directing a verdict in favor of the defendants, Simon Penn and Lillian Penn, and entering judgment for them, being in all respects correct and proper, should have been affirmed by this Court.
For the reasons stated, I would affirm the judgment of the circuit court in favor of the defendants Simon Penn and Lillian Penn in holding that, as a matter of law, they were not guilty of negligence which was the proximate cause of the injury sustained by the plaintiff.